## MARY WALTON v. G. W. SHARP.

1. GARNISHMENT. *Pleadings and Practice.* Where garnishment is served on two parties, and both answer, it is error to consider the answers of both together in making up judgment against one, at least where the amount involved is over $50, ($1,000 under act of 1883, ch. 11).

2. SAME. *Same.* In garnishment proceedings the plaintiff must show judgment and execution.

*Question reserved.* Whether, where answer of garnishee shows that the legal title to a note is in him, (he holding it as collateral security), and the equitable title is in another, he could be compelled to surrender it, at least until his debt is satisfied.

---

### FROM CAMPBELL.

---

Appeal in error from the Circuit Court of Campbell county. W. P. WASHBURNE, Sp. J.

HENDERSON & JOUROLMON for Walton.

HOUK & GIBSON for Sharp.

COOKE, Sp. J., delivered the opinion of the court.

This was a proceeding by garnishment. The summons was in the words following, to-wit:

"To Jas. E. Johnson: By virtue of an execution in my hands against the estate of Nancy Walton, I summon you to appear before the judge of the circuit court for Campbell county, Tennessee, at the next term of the circuit court to be held for said county, at the court-house in Jacksboro, on the third Monday of March 1881, to answer on oath such questions as may be

propounded to you touching your indebtedness to Nancy Walton, or her credits, effects or property in your hands," etc.

This 6th day of December, 1880.

JOHN HUNLY, Deputy Sheriff.

On which was endorsed the following garnishment summons: "G. W. Sharp *v.* A. Huckaby *et al.* Executed a true copy of the within on Jas. E Johnson, December 6, 1880, to answer at the March term of circuit court, 1881."

JOHN HUNLY, Deputy Sheriff.

A precisely similar garnishment in the same words, except the name of the garnishee, and with the same endorsement upon it, was on the same day, by the same official, served upon one Winston Bowman.

Both garnishees appeared at the circuit court and filed their answers. Johnson answered that he was not indebted to said defendant, nor had any effects in his hands belonging to her, nor knew of any one else who had. That the defendant had duly assigned to him a note on one Winston Bowman with S. Hunter and S. C. Baird security, upon which payments have been made in payment of tuition fees then earned and over due, and as security for fees contracted for and then being earned. Of which transfer the maker of said note had due notice. That said note was for $275, or thereabouts, with no credits on it that he remembered of. That Mrs. Walton brought it to him as pay or security for tuition fees, and said she might possibly take it all up in tuition. That about $75 had been taken up and the tuition that

would be due at the end of that session would be six dollars more. That he did not intend to teach another session. Don't think he has received notice that any payments have been made on the note. Did not know whether he would teach another session, but it was not his present intention to do so. The note was given four or five years ago and was payable one day after date. That he held the note as his, but if he should stop teaching would consider that he should settle the balance with her. The note draws interest at ten per cent.

Bowman's answer stated that in 1876 he borrowed from Nancy Walton the sum of $275, and since that time has made some payments, which amount to about $40 at different times, which have not been credited upon the note, but should be. He is informed and believes that said note was transferred or delivered to J. E. Johnson before the service of the garnishment, and does not know who is the legal owner of said note. He admits that he owes a balance on said note but owes it to Johnson, who has the possession of said note and not to Nancy Walton.

The record shows that upon consideration of the original amended answer of J. E. Johnson, and of the answer of Winston Bowman, the court was of opinion that the note referred to in the answer of J. E. Johnson, is still the property of the defendant, Nancy Walton, and that he, Johnson, holds it as collateral security for the sum of $81, due or to be due him on his contract with the defendant, and that the balance due on said note was liable to garnishment, and ad-

judged that the garnishee, Johnson, surrender said note to the sheriff, who will proceed, without delay, to collect it, and out of the proceeds pay to said Johnson said sum of $81 with interest until paid, and apply the residue to the satisfaction of the judgment of G. W. Sharp, and in case of the failure to surrender said note on demand, it was further adjudged by the court, that the plaintiff have and recover of J. E. Johnson the sum of $349, being the amount due on said note less the sum of $81 adjudged to be due him, and award execution for the same.

From this judgment Nancy Walton has appealed. This appeal brings the entire case before us, not only as to the plaintiff in error, but also as to the garnishee, Johnson: *Kalesky* v. *Curry*, decided at Jackson but unreported; 11 Heis., 549; King's Dig., 3023.

It was error in the trial judge to consider the answers of both garnishees together in making up his judgment against one of them. The liability of each must rest upon his own answer: 4 Hum., 299. Where the amount involved is less than $50, the answer is not conclusive but the plaintiff may controvert any of the facts contained therein: Code, sec. 3103. But here the amount is over $50, and if it were the *ex parte* answer of another would not be competent evidence against the garnishee whose answer was contested.

The answer shows that the legal title to the note was in the garnishee, Johnson, with an equitable interest in it as Mrs. Nancy Walton, and it is at least a serious question, whether he could be compelled to

surrender it to another, at least until the debt for which it was assigned to him was satisfied. But in the view we have taken of this case, it is unnecessary to decide this question.

The garnishment summons wholly fails to show in whose favor the execution was, which is stated to be in the hands of the officer, or upon what judgment it was issued; and even the return of the officer upon it contains no mention of any judgment against Nancy Walton. There is neither judgment nor execution shown by the record to have existed any where in favor of the defendant in error against the plaintiff in error; nor is there any judgment or execution of any kind alluded to or shown to exist; nor is there any amount specified which the defendant in error, Sharp, claimed to be entitled to collect from the plaintiff in error. This is a fatal defect in these proceedings.

In the case of *Kaylor* v. *Brunswick & Brother*, this court, Chief Justice Deaderick delivering the opinion, says: " In this case the execution against the defendant is in the record as part of this cause, brought up by the appeal from the justice's judgment against the garnishee with the other proceedings against him properly brought up, *for without* it the sheriff's summons of the garnishment would have been a nullity": 6 Heis., 239. In the case of *Railroad* v. *Todd & Williams*, 11 Heis., 555, this court says: " It is very clear that the judgment against the garnishee must depend upon the judgment against the debtor, and without a judgment against the debtor there can

be none against the garnishee. Citing 4 Yer., 461; Cooke, 478.

The Referees have made a report by which they find that the judgment of the circuit court should be affirmed, to which exceptions have been filed. The exceptions must be sustained and the report set aside.

The judgment of the circuit court must be reversed and the proceedings dismissed with costs.