IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 22, 2009 Session

**RODNEY MARRA**

**v.**

**BANK OF NEW YORK, TRUSTEE, AND
PHILIP M. KLEINSMITH, TRUSTEE**

**An Appeal from the Chancery Court for Fayette County
No. 14216      William C. Cole, Chancellor**

---

**No. W2008-00773-COA-R3-CV - Filed August 4, 2009**

---

This appeal involves a court clerk's fee for facilitating a foreclosure sale. The defendant bank held a foreclosure sale of the plaintiff's home without giving the plaintiff proper notice. The plaintiff then filed this action and the sale was set aside. The trial court ordered that the property be re-auctioned and appointed the clerk and master of the chancery court as a special commissioner to facilitate the sale. At the second sale, the plaintiff purchased the property. The trial court ordered that the clerk be awarded 5% of the purchase price as his fee for services rendered in connection with the sale. The bank objected, arguing that the clerk's fee was excessive. The trial court conducted a hearing and held that the fee to the clerk was reasonable. The bank appealed, naming the court clerk as an appellee in the notice of appeal, but failing to file a motion to add him as a party. The appeal was dismissed for lack of a final order. On remand, the court clerk filed a motion asking the trial court to confirm that he was immune from suit and that disbursement of his fee was proper. The clerk also sought Rule 11 sanctions in the form of appellate attorney's fees against the bank's attorney for naming him as a party in the notice of appeal without properly adding him. The bank filed two cross-motions for sanctions. The trial court held that the clerk was immune from suit and that disbursement of the fee to the clerk was proper. The clerk's motion for Rule 11 sanctions was granted, and the bank's two cross-motions for sanctions were denied. The bank and its attorney now appeal. We hold that the statement of the evidence filed by the appellants and not objected to by the appellees or ruled on by the trial court is deemed approved under T.R.A.P. 24. Addressing the merits, we reverse the trial court's award of appellate attorney's fees as sanctions under Rule 11. All other decisions by the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is
Affirmed in Part and Reversed in Part**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Philip M. Kleinsmith, Colorado Springs, Colorado, appellant, *pro se*, and for the appellant, Bank of New York.

Sam F. Cole, Jr., Memphis, Tennessee, for the appellee, Rodney Marra.

William S. Rhea, Somerville, Tennessee, for the appellee, Vip D. Lewis.

## OPINION

### FACTS AND PROCEDURAL BACKGROUND

In May 2004, Plaintiff Rodney Marra ("Marra") and his wife, Jentri Marra, obtained a $275,000 mortgage on property located at 50 Breezy Meadows Cove in Eads, Tennessee ("Breezy Meadows Property"). The mortgage was later assigned to Defendant/Appellee Bank of New York ("the Bank"). Marra's name was not on the deed to the property.

On January 26, 2005, Marra's wife died. After her death, Marra wished to become the sole owner of the Breezy Meadows Property. To this end, the Bank advised Marra to stop making the monthly mortgage payments, allow the property to go into foreclosure, and then purchase the property at the ensuing foreclosure sale for the amount of the balance of the mortgage plus the foreclosure expenses.[1] Marra agreed to this plan.

Due to an error by the Bank's attorney, Philip M. Kleinsmith ("Kleinsmith"), Marra was erroneously informed that the foreclosure sale would take place on April 4, 2006.[2] Marra appeared at the courthouse on that date to purchase the property, but no sale took place. Two days later, on April 6, 2006, the foreclosure sale occurred without Marra present, and the Bank purchased the property for $285,974.66. A trustee's deed to that effect was recorded. On June 23, 2006, the Bank filed a forcible entry and detainer ("FED") action to evict Marra from the property.

On July 6, 2006, Marra filed this lawsuit against the Bank, as trustee, and Kleinsmith, in his capacity as the Bank's representative, to set aside the foreclosure of the trust deed on the Breezy Meadows Property and to obtain injunctive relief and other damages.[3] The Bank conceded that the foreclosure sale was void for lack of proper notice to Marra, and on November 21, 2006, the Bank filed a "Declaration of Void Successor Trustee's Sale" to that effect.[4] The trial court ordered the

---

[1] This advice was apparently based on the premise that the property had a fair market value of $375,000, while the mortgage balance due was less than $300,000.

[2] The Bank sent mailers erroneously advertising that the sale would take place on April 4, 2006, while the notice in a local newspaper correctly reported that the sale would take place on April 6.

[3] Wilson & Associates, PLLC, was also named as a defendant, but it was dismissed from the lawsuit by agreement of the parties.

[4] Kleinsmith, an attorney, has at all times during these proceedings represented the Bank and himself.

property to be re-sold by the Clerk and Master of the Chancery Court, Vip D. Lewis ("Lewis"), as the Special Commissioner, and it ordered and directed the publication of the judicial foreclosure sale. *See* Tenn. Code Ann. § 35-5-101 (2007).

The court-ordered sale of the Breezy Meadows Property was held on March 8, 2007. Lewis, as the Special Commissioner, facilitated the sale. Marra was the successful bidder at the auction, purchasing the property for $289,000. Pursuant to an order entered by the trial court on March 20, 2007, the proceeds of the sale were to be distributed as follows: $510 in costs, $14,450 (5% of the sale price) as a fee for Special Commissioner Lewis, and the balance of $274,050 to the Bank.

On April 9, 2007, the Bank filed an objection to the Special Commissioner's fee of $14,450, arguing that the fee "is under these circumstances totally unreasonable and unconstitutional." The Bank attached to the objection the affidavit of Phillip Jones, a Tennessee attorney, who stated that he had acted as both attorney and trustee for foreclosures on many occasions and that his fee for such services was $550 to $750. On April, 13, 2007, the trial court conducted a hearing on the Bank's objection. After the hearing, the trial court concluded that the Special Commissioner's fee was proper. The record on appeal does not include a transcript of the hearing. On the same day, the trial court entered an order to disburse court sale funds, directing the disbursement of the proceeds of the sale, including the Special Commissioner's fee.

On May 1, 2007, the Bank filed the first appeal in this matter. The Bank named Lewis as an appellee in the notice of appeal, in the cost bond, and in the designation of the record filed with the trial court. However, the Bank did not file a motion to add Lewis as an appellee. *See Marra v. Bank of New York*, No. W2007-01044-COA-R3-CV (Tenn. Ct. App. Sept. 18, 2007). On May 21, 2007, the Bank filed in the trial court a "Notice of No Objection by Appellee to Appellant's Statement of the Evidence and Request that Chancellor Approve Same and Authenticate the Record on Appeal." Marra and Lewis both filed briefs in the first appeal in which both requested attorney's fees and damages resulting from the Bank's frivolous appeal. On August 3, 2007, the Bank filed a motion with the appellate court requesting that Lewis be added as an appellee, that the appealed order be declared final, and that the request for attorney's fees by Marra and Lewis be denied. On September 18, 2007, this Court dismissed the Bank's first appeal for failure to appeal a final order, because the trial court had not addressed the issue of Marra's damages. The decision did not address the request for attorney's fees by Marra and Lewis, nor did it address the Bank's motion to include Lewis as an appellee. The case was then remanded to the trial court.

After remand, on November 2, 2007, Lewis filed a "Motion to Confirm That Vip D. Lewis is not a Party to the Action and to Disburse Fees." He argued that, as Special Commissioner, he was acting in a quasi-judicial capacity and was, therefore, immune from suit and could not be added as a party. He asked the trial court to confirm that his fee could properly be distributed in accordance with the trial court's April 13, 2007 order. In accordance with the notice provisions of Rule 11 of the Tennessee Rules of Civil Procedure, Lewis notified Kleinsmith that he planned to file a motion for sanctions against him personally under Rule 11 because Kleinsmith had named Lewis as an appellee in the first appeal "by methods he knew to be false, deceptive, and abusive practices and through nonsensical underhanded maneuvers." Lewis claimed that he had "expended a great deal of time, effort and expense defending the false, misleading, and frivolous action, which was totally

improper and caused immense delay and needless costs of litigation." On November 30, 2007, as promised, Lewis filed the motion for sanctions against Kleinsmith. Attached to the motion was the affidavit of Lewis's counsel, stating that Lewis had incurred $3,300 in attorney's fees in defending the first appeal.

On the same day that Lewis filed his motion for Rule 11 sanctions, the Bank filed a cross-motion for Rule 11 sanctions against Lewis's counsel's law firm and its attorneys. The Bank's cross-motion asserted that Lewis's motion to confirm was not warranted by existing law and was presented for an improper purpose. Attached to the Bank's cross-motion was Kleinsmith's affidavit showing that he had accrued $1,375 in attorney's fees for drafting and filing the motion for sanctions, or $1,875 including the two hours he expected to spend at the anticipated hearing on the motion. In addition, on that day, the Bank mailed to Lewis a second motion for sanctions against Lewis's counsel's law firm and its attorneys, alleging that sanctions were warranted against them based on Lewis's motion for sanctions, because it had no legal or factual basis and was filed for an improper purpose. Upon notification that the Lewis did not intend to withdraw his motion for sanctions, the Bank filed the second motion for Rule 11 sanctions on approximately December 6, 2007. Attached to this second motion for sanctions was Kleinsmith's affidavit showing that he had accrued $1,250 in attorney's fees in drafting and filing his second motion for sanctions.

On December 14, 2007, the trial judge, the Honorable Martha B. Brasfield, conducted a hearing on all outstanding motions — Lewis's motion to confirm, Lewis's motion for sanctions, and the Bank's two cross-motions for sanctions. The appellate record does not include a transcript of that hearing.

On February 1, 2008, the trial court entered an order granting Lewis's motion to confirm, authorizing disbursement of the $14,450 fee to Lewis as Special Commissioner and finding that Lewis was immune from suit because he was acting as a judicial officer. The trial court also granted Lewis's motion for Rule 11 sanctions, finding that Kleinsmith's act of naming Lewis as an appellee in the first appeal without filing a motion to add him as a party "was false, misleading, and deceptive." For this offense, the trial court awarded Lewis $4,365 in attorney's fees as damages for being required to defend himself in the first appeal. In light of the trial court's holdings in favor of Lewis on his two motions, the trial court denied the Bank's two cross-motions for sanctions.

On February 21, 2008, Lewis filed a motion asking the trial court to enter a final judgment as to all claims pertaining to him. The Bank filed a motion to alter or amend the February 1, 2008 order, asking the trial court to consider additional testimony and make further findings of fact. The Bank filed no objection to the entry of a final order as to all issues pertaining to Lewis. On March 20, 2008, the trial court entered an order denying the Bank's motion to alter or amend and directing the entry of a final judgment as to all claims pertaining to Lewis, pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure.[5] The Bank and Kleinsmith now appeal this order.

---

[5] On September 4, 2008, the trial court entered an amended order that conformed to the requirements in Rule 58 of the Tennessee Rules of Civil Procedure. For reasons unclear in the record, Chancellor William C. Cole presided over the motion to alter or amend and entered the final order on appeal.

On May 5, 2008, the Bank and Kleinsmith (collectively, "Appellants") filed a motion in this Court to "Drop Parties and to Add Parties" pursuant to Rule 19(e) of the Tennessee Rules of Appellate Procedure, requesting that this Court drop Marra as an appellee, add Kleinsmith in his individual capacity as an appellant, and add Lewis as an appellee. On August 12, 2008, this Court entered an order permitting Lewis to be added as an appellee, but denying the Appellants' request to drop Marra as an appellee. In addition, this Court granted the Appellants' request to designate Kleinsmith as an appellant in his individual capacity.[6]

## ISSUES ON APPEAL

The issues on appeal raised by the Appellants are as follows:

(1) Whether the trial court's award of a $14,450 fee to Lewis was reasonable, within sound judicial discretion, and whether such award was constitutional?
(2) Whether Lewis's fee is absolutely incontestible in any court based on judicial immunity?
(3) Whether the trial court's denial of the Bank's first motion for sanctions was lawful?
(4) Whether the trial court's sanctions imposed against Kleinsmith was lawful?
(5) Whether the trial court's denial of the Bank's second motion for sanctions was lawful?
(6) Whether this court should explain its denial of the Appellants' motion to drop Marra?

## ANALYSIS

### Statement of the Evidence

As a preliminary matter, Lewis and Marra (collectively, "Appellees") argue that the appellate record submitted by the Appellants contains no Statement of the Evidence in accordance with Rule 24(c) of the Tennessee Rules of Appellate Procedure. Consequently, they contend that we must presume that the evidence presented to the trial court, even if taken and preserved, would have supported the trial court's findings and the exercise of its sound discretion. The Appellees correctly note that, because this Court has appellate jurisdiction only, "our review power is limited to those factual and legal issues for which an adequate legal record has been preserved." *Trusty v. Robinson*, No. M2000-01590-COA-R3-CV, 2001 WL 96043, at *1 (Tenn. Ct. App. Feb. 6, 2001); *see Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992); *Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn. Ct. App. 1987); *Daniel v. Metropolitan Gov't of Nashville*, 696 S.W.2d 8, 9-10 (Tenn. Ct. App. 1985). It is the duty of the appellant to prepare an adequate record in order to allow meaningful review on appeal. Tenn. R. App. P. 24(b); *McDonald v. Onoh*, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989).

---

[6]Although the order added Kleinsmith as an appellant and Lewis as an appellee, the style of the case remained unchanged.

The Tennessee Rules of Appellate Procedure require an appellant to file a transcript of the trial court proceedings under review. Where no such transcript is available, Rule 24(c) directs the appellant to prepare a statement of the evidence:

> **(c) Statement of the Evidence When No Report, Recital, or Transcript Is Available.** If no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available, the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement should convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. The statement, certified by the appellant . . . as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 60 days after filing the notice of appeal. Upon filing the statement, the appellant shall simultaneously serve notice of the filing on the appellee, accompanied by a short and plain declaration of the issues the appellant intends to present on appeal. Proof of service shall be filed with the clerk of the trial court with the filing of the statement. If the appellee has objections to the statement as filed, the appellee shall file objections thereto with the clerk of the trial court within fifteen days after service of the declaration and notice of the filing of the statement. Any differences regarding the statement shall be settled as set forth in subdivision (e) of this rule.

Tenn. R. App. P. 24(c). If a statement of the evidence is filed with the trial court, the trial judge is to approve the statement of the evidence after objections have been considered and adjudicated. If no objections are filed within the time limit, and the trial court does not rule on the statement of the evidence within thirty days after the expiration of the time to file objections, then the statement of the evidence "shall be deemed to have been approved and shall be so considered by the appellate court . . . ." Tenn. R. App. P. 24(f). If an appellant intends to file neither a transcript nor a statement of the evidence, the appellant is required to "file with the clerk of the trial court and serve upon the appellee a notice that no transcript or statement is to be filed . . . ." Tenn. R. App. P. 24(d).

In this case, the record contains several filings relating to the requirements of Rule 24(c). On April 9, 2008, the Appellants filed a document entitled "Designation of Record on Appeal; Issues on Appeal, and; [sic] Statement of the Unreported Evidence." This document does not describe the evidence submitted at the hearing below; instead, it appears to summarize the trial court's ruling. On April 17, 2008, Lewis filed an objection to the Appellants' designation of the record; there is no indication in the record that Lewis's objection was addressed by the trial court. On or around May 15, 2008, the trial judge signed a document entitled "Court's Statement of the Evidence," quoting a portion of the trial court's order stating that Lewis's "fee was automatically calculated at 5% of the sale price of real estate . . . ."[7] On May 19, 2008, the Appellants filed a document entitled "Rule 24,

---

[7]This document is captioned as if it were issued from this Court, but it is signed by the trial court judge. The copy included in the technical record does not have a "filed" stamp on it. For the sake of discussion, we ignore these
(continued...)

TRCP Designations," notifying the court and the opposing parties that no transcript of the trial court proceedings existed, and that the Appellants had "no statement of the evidence to submit."

Notwithstanding the Appellants' notice that no statement of the evidence would be filed, on June 4, 2008, the Appellants filed a "(A) Statement of the Evidence or Proceeding and (B) Issues," purporting to "amend" or "supplement" their initial filing. This Statement of the Evidence derived from Kleinsmith's "recollection from being a participant in all of this case's Trial Court proceedings and from his file copies thereof." This document essentially sets out the background facts of the case, delineates the series of filings in the case, sets out the trial court's ruling, and identifies the issues raised on appeal by the Appellants. Regarding the evidence submitted at the hearing on the reasonableness of Lewis's fee, the document asserts that the Bank's objection to Lewis's fee was supported by the affidavit of attorney Phillip Jones. In the same document, the Appellants set out facts related to the trial court's decision on sanctions.

We must first determine whether the record is sufficient for this Court to conduct a meaningful review of the issues on appeal. As we have stated, the Appellants may submit a statement of the evidence instead of a transcript under Rule 24(c). However, in order to be a useful substitute for a trial transcript, the statement must "convey a fair, accurate, and complete account of what transpired [in the trial court] with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(c). Neither allegations contained in pleadings, recitations of the facts contained in a brief, nor arguments of counsel qualify as evidence for purposes of a statement of the evidence. *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988).

From our review of the documents filed in this record, we find that the only document that satisfies any portion of the requirements of Rule 24(c) is the Appellants' amended Statement of the Evidence, filed in the trial court on June 4, 2008. We note that this filing was not signed by either the trial judge or counsel for the Appellees. Nevertheless, there is no indication in the record that the Appellees filed an objection to this document, and no indication that the trial court approved or rejected this document as an accurate statement of the evidence. According to Rule 24(f), thirty days after the time for objections had expired, the amended Statement of the Evidence was "deemed to have been approved." *See Richards v. Richards*, No. E2005-02924-COA-R3-CV, 2007 WL 187932, at *4 (Tenn. Ct. App. Jan. 25, 2007). Therefore, to the rather limited extent to which the Statement of the Evidence recounts evidence before the trial court, we will utilize it to address the issues on appeal.[8]

### Reasonableness of Special Commissioner Fee

---

[7](...continued)
irregularities because they do not affect our analysis.

[8]On December 12, 2008, the Appellants filed a motion for damages in this Court pursuant to Tennessee Code Annotated § 27-1-122, arguing that the Appellees' opposition to the appeal based on the lack of a statement of the evidence was frivolous. This motion is nonmeritorious and is hereby denied.

We first address whether the trial court abused its discretion in awarding Lewis a $14,450 fee for his services as Special Commissioner in conducting the second foreclosure. The trial court made the following findings:

> The parties agreed that the Clerk & Master of the Chancery Court of Fayette County, Tennessee, Mr. Vip D. Lewis, would sell the real estate through the court. He advertised the property, he contacted potential buyers, he conducted the sale, he collected the sale proceeds, and he disbursed all of the proceeds except his fee. The Clerk & Master performed all of his duties in a proper and legal manner, and he conducted a sale that was valid and legal. There were no objections by any party to the manner in which the Clerk & Master performed his duties. The Court approved the sale of the real estate and approved the fees and expenses, which included a $14,450 fee to the Clerk & Master for the performance of his duties.
>
> Mr. Lewis was named as a Special Commissioner to sell this property; he performed his duties and was awarded his fees pursuant to Tenn. Code Ann § 8-21-401(b)(45) [sic] and Tenn. Code Ann. § 8-21-801 *et seq.* The fee was mathematically calculated at 5% of the sale price of the real estate, $289,000.000 .
> . . .
> ...
> This Court gave little credence to th[e] affidavit [of Phillip Jones] because Mr. Jones was acting as an attorney and trustee in a foreclosure sale. He did not say that he had ever acted as a Special Commissioner appointed by a court to conduct a sale of real estate through the court. The duties of a Special Commissioner are much more complicated and involved than that of a simple trustee.
>
> The Defendants objected to the amount of fees to the Clerk & Master as Special Commissioner. The Defendants appealed the amount of the fees granted to the Clerk & Master to the Court of Appeals. At that time, Mr. Kleinsmith filed several documents, such as "Notice of Appeal," "Bond for Appellee's Cost on Appeal," and "Designation of Record on Appeal, Issue on Appeal, and Statement of the Evidence, and other documents in both the trial court and the Court of Appeals. He named Mr. Lewis as the Appellee as though he was a party to this action.
> * * *
> It is the amount of the fees awarded to Mr. Lewis that Mr. Kleinsmith opposes, not the performance by Mr. Lewis of his duties as Special Commissioner. The fees are subject to the discretion of the Court and are legal and valid pursuant to the statutes set out above. Mr. Lewis did not write a check to himself for the fees due to the appeal filed in this matter.
>
> Mr. Kleinsmith argues that, because Mr. Lewis did not object to the record at the Appellate Level, he automatically becomes a party. This is simply not the case. Mr. Kleinsmith has never filed a proper motion to request that Mr. Lewis be made a party to this action, and, therefore, Mr. Lewis is not a party to this action.
>
> The Court finds that the Clerk & Master, Mr. Vip D. Lewis, is not and cannot be made a party to this lawsuit. As a judicial officer, he is immune from suit. The Court finds that he is entitled to his fee of $14,450.00. The amount was set at the

-8-

discretion of the Court and is within the limits of the statutes set out above. The Clerk & Master is hereby authorized to disburse the fee.

The applicable statute regarding a fee for the sale of real property provides:

> (7) For selling real or personal property under decree of court, and receiving, collecting, and paying out the proceeds, a commission not to exceed ten percent (10%) on the amount of sales up to six thousand dollars ($6,000), and an additional amount to be fixed within such limits, in the discretion of the court. The clerk shall collect the sheriff's fee, plus the sheriff's fee for each additional defendant, in a proceeding to sell real estate.

Tenn. Code Ann. § 8-21-401(i)(7) (2002).[9] Though not the proverbial model of clarity, we read the statute as authorizing a 10% fee on the amount of a sale of property up to $6,000, plus an additional amount to be decided by the trial court in its discretion "within such limits," or within 10%.

Because the statute states that the amount of the fee is discretionary with the trial court, we review the fee award under an abuse of discretion standard. A trial court abuses its discretion "when its decision is not supported by the evidence, when it applies an incorrect legal standard, [or] when it reaches a decision which is against logic or reasoning that causes an injustice to the party complaining." *Owens v. Owens*, 241 S.W.3d 478, 496 (Tenn. Ct. App. 2007) (citing *Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2005)).

The trial court established Lewis's fee at 5% of the purchase price of the property at issue. This was within the parameters of Section § 8-21-401(i)(7). In challenging the amount of this fee, the Bank bears the burden of proving that the trial court abused its discretion under the circumstances. According to the amended Statement of the Evidence, the Bank sought to carry this burden by submitting the affidavit of attorney Philip Jones, who stated that the fees for attorneys acting as trustees conducting foreclosure sales under § 35-5-101ff were $550 to $750, far below the $14,450 fee awarded to Lewis. The trial court stated specifically that it "gave little credence" to Jones's affidavit, because he "was acting as an attorney and trustee in a foreclosure sale. . . . The duties of a Special Commissioner are much more complicated and involved than that of a simple trustee."

The Appellants argue that the trial court's rejection of Jones's affidavit testimony as evidence that Lewis's fee was unreasonable and constituted an abuse of discretion because no countervailing evidence was submitted to rebut Jones's affidavit, nor was evidence submitted regarding the purportedly "complicated" nature of the sale conducted by Lewis. They claim that the trial court was obligated to base its decision on facts in the record. Because no facts were proven to show that the tasks performed by Lewis warranted such a substantial fee, they claim, the trial court erred in approving it.

---

[9] The statute cited by the trial court, Tennessee Code Annotated § 8-21-401(b)(45), is an earlier version of the applicable statute. *See* Tenn. Code Ann. § 8-21-401(b)(45) (1993).

We respectfully disagree. The applicable statute gives the trial court the authority to award a fee to the clerk and master for his services, with the amount to be within the trial court's discretion, so long as the fee is within the statutory parameters. Here, the trial court chose to award Lewis 5% of the purchase price of the sale, well within the 10% authorized under the statute. The trial court was not obliged to credit the expert testimony by Jones in his affidavit. *See Airline Constr., Inc. v. Barr*, 807 S.W.2d 247, 264, 270 (Tenn. Ct. App. 1990) (stating that an expert opinion is merely advisory, and the trial court is bound to decide the issue based on its own fair judgment). Here, the trial court appointed Lewis as a Special Commissioner to conduct a sale of property, after the initial foreclosure sale was mishandled by the Bank. In rejecting Jones's testimony, the trial court fairly noted that Jones's opinion related to a sale by a trustee in an ordinary foreclosure, not to the type of sale that took place in this case. The trial court took further note of the undisputed facts that Lewis "advertised the property, he contacted potential buyers, he conducted the sale, he collected the sale proceeds, and he disbursed all of the proceeds except his fee." The parties agreed that Lewis "performed all of his duties in a proper and legal manner, and he conducted a sale that was valid and legal. There were no objections by any party to the manner in which [Lewis] performed his duties." Once Jones's expert testimony was rejected as inapplicable, this left no credible evidence that the 5% fee was inappropriate. The trial court therefore concluded that the Bank had failed to carry its burden of showing that the fee was unreasonable. Under these circumstances, we cannot find that the trial court abused its discretion in awarding Lewis a 5% fee, which was in the middle of the range of fees authorized by the statute.

The Appellants also argue that the fee awarded to Lewis constituted an unconstitutional deprivation of due process, that the fee "shocks the conscience," and that the fee is "a denial of the universal sense of justice." From our review of the statement of the evidence, it appears that these arguments were neither raised nor adjudicated in the trial court proceedings. Any argument not raised in the trial court may not be first raised on appeal. *See Taylor v. Beard*, 104 S.W.3d 507, 511 (Tenn. 2003). Moreover, as noted above, the fee awarded to Lewis was well within the parameters set forth in the applicable statute. Consequently, these arguments are without merit.

The Appellants argue that the trial court erred in determining that Lewis's fee was not contestable based on his quasi-judicial immunity as a Special Commissioner and the Clerk and Master. The trial court held that Lewis "is not and cannot be made a party to this lawsuit. As a judicial officer, he is immune from suit." The Appellants concede that Lewis is immune from suit for his actions in conducting the foreclosure sale, and that he cannot be sued for wrongdoing in performing those acts. *See Miller v. Niblack*, 942 S.W.2d 533, 537-41 (Tenn. Ct. App. 1997). They claim, however, that the trial court improperly extended Lewis's immunity from suit to the fee awarded to him, essentially insulating the fee and making it "incontestable." Under these circumstances, they argue, the trial court erred in relying on judicial immunity.

This argument mischaracterizes the trial court's holding. The trial court did not, as the Appellants suggest, hold that Lewis's immunity rendered the fee incontestible. The trial court clearly recognized that "[i]t is the amount of the fees awarded to Mr. Lewis that Mr. Kleinsmith opposes, not the performance by Mr. Lewis of his duties as Special Commissioner." Although the trial court refused to add Lewis as a party defendant, it fully addressed the reasonableness of the fee, taking evidence and ultimately finding that the fee was reasonable. The trial court found that it was

not necessary to add Lewis as a party in order to address the reasonableness of his fee, regardless of his immunity from suit, and we do not disagree. Therefore, we reject the Appellants' argument that the trial court's holding should be reversed on this basis.

## Rule 11 Sanctions

The remaining issues raised by the Appellants relate to the trial court's decisions on the parties' cross-motions for Rule 11 sanctions. The Appellants argue that the trial court erred in (1) granting Lewis's motion for Rule 11 sanctions against Kleinsmith for naming Lewis as an appellee in the first appeal, (2) denying the Bank's motion for Rule 11 sanctions against Lewis's counsel's law firm and its attorneys for filing the motion to confirm, and (3) denying the Bank's motion for Rule 11 sanctions against Lewis's counsel's law firm and its attorneys for filing the motion for sanctions against Kleinsmith.[10]

Rule 11.02 of the Tennessee Rules of Civil Procedure provides that, by presenting a pleading to the trial court, an attorney certifies that:

> (1) [the pleading] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Tenn. R. Civ. P. 11.02. Rule 11.03 authorizes the trial court to impose sanctions "[i]f, after notice and a reasonable opportunity to respond, the court determines that subdivision 11.02 has been violated . . . ." The notice requirements of the Rule provide that the motion for sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . , the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Tenn. R. Civ. P. 11.03(1)(a).

In determining whether an attorney's conduct is sanctionable under Rule 11, the trial court must determine if such conduct was reasonable at the time the document was signed. *Krug v. Krug*, 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992) (quoting *Andrews v. Bible*, 812 S.W.2d 284, 288 (Tenn. 1991)). "[T]he question of whether a Rule 11 violation has occurred requires the trial court to make

---

[10]Though the Appellants have filed a joint brief in this appeal, it appears that only Kleinsmith personally appeals the trial court's grant of Lewis's motion for sanctions against him, and that only the Bank raises the issues regarding the denial of its motions for sanctions.

highly fact-intensive determinations regarding the reasonableness of the attorney's (and client's) conduct." ***Boyd v. Prime Focus, Inc.***, 83 S.W.3d 761, 765 (Tenn. Ct. App. 2001). As such, we review a trial court's ruling on a Rule 11 motion for an abuse of discretion. ***Krug***, 838 S.W.2d at 205.

### *Sanctions Against Kleinsmith*

We first address whether the trial court abused its discretion in granting Lewis's motion for sanctions against Kleinsmith. The trial court granted Lewis's motion for sanctions in its February 1, 2008 order, after the first appeal had been dismissed and the case was remanded. The trial court found that "the action of Mr. Kleinsmith in naming Mr. Lewis as an Appellee in the Court of Appeals when he was not a party, and without filing a motion giving Mr. Lewis [notice] that he wanted to name him a party to the action, was false, misleading, and deceptive." The trial court noted that Kleinsmith was given the opportunity to dismiss Lewis as an appellee, but he did not do so. The trial court also stated that, "attorneys can and do commit actions which are sanctionable which cannot be corrected. Unfortunately, Mr. Kleinsmith finds himself in this position." Thus, the trial court granted the motion for Rule 11 sanctions against Kleinsmith and awarded Lewis $4,365 in attorney's fees expended in defending the first appeal.

In this second appeal, Kleinsmith argues that the trial court abused its discretion in granting Lewis's motion for sanctions because Rule 11 of the Tennessee Rules of Civil Procedure applies only to trial court proceedings, not to appellate proceedings. The appropriate remedy, Kleinsmith argues, is set out in Tennessee Code Annotated § 27-1-122, which provides that a reviewing court may award damages against appellants for filing an appeal that "was frivolous or taken for delay."[11] Tenn. Code Ann. § 27-1-122 (2000). Though such damages were requested by Lewis in the first appeal, Kleinsmith points out, the appellate court dismissed the appeal without resolving the issue, and Lewis did not ask the appellate court to reconsider awarding such damages. Kleinsmith further argues that the trial court erred in awarding Rule 11 sanctions against him because Lewis's motion for sanctions was not filed until after the case was remanded, at a time when the offending documents could not be withdrawn or corrected. Because Rule 11 clearly contemplates a notice period during which an attorney would have the opportunity to withdraw the offending pleading, he argues, the trial court erred in imposing sanctions under the circumstances presented here, where there was no such opportunity.

---

[11]The statute provides:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27-1-122 (2000).

In response, Lewis maintains that sanctions against Kleinsmith were appropriate because Kleinsmith was given proper notice of the motion, and he refused to take corrective action.[12] Lewis argues that the trial court properly found that naming him as an appellee in the post-judgment filings without first making a motion to add him was false, misleading, and deceptive. In addition, he points out that the trial court's exercise of its discretion must be afforded great deference and must be upheld absent evidence that the trial court abused its discretion. Therefore, Lewis asserts, the trial court's award of attorney's fees as Rule 11 sanctions against Kleinsmith should be affirmed.

We refer to the outline in the Statement of the Evidence of the proceedings in the trial court below. The Statement of the Evidence states that Kleinsmith, on behalf of the Bank, named Lewis as an appellee in its post-judgment filings without making a motion to add Lewis as an appellee, and that the Bank admitted that doing so was error. Lewis did not ask the Bank to withdraw its appeal at any time during the pendency of the first appeal. In his appellate brief in the first appeal, Lewis requested attorney's fees for a frivolous appeal pursuant to Tennessee Code Annotated § 27-1-122, on the basis that the appeal was prematurely filed, and that Lewis was named as an appellee without a proper motion and order adding him as a party. On August 3, 2007, the Bank filed a motion with the appellate court to add Lewis as an appellee. The motion was not adjudicated because this Court dismissed the first appeal for lack of a final judgment. Lewis did not further pursue the request for damages in this Court for a frivolous appeal, pursuant to Section 27-1-122. On November 2, 2007, Lewis mailed his Rule 11 motion for sanctions to Kleinsmith, identifying the offending pleadings as those filed in the first appeal naming him as the appellee. The motion for Rule 11 sanctions was filed with the trial court on November 30, 2007.

We are mindful of the deferential standard with which we must review the trial court's decision to award Lewis Rule 11 sanctions against Kleinsmith. The trial court has wide discretion in such matters, and its decision will not be reversed absent evidence of an abuse of that discretion. One manner in which a trial court may be found to have abused its discretion is when the trial court applies an incorrect legal standard. *See Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001). In granting Lewis's motion for sanctions, the trial court found that Kleinsmith's action in naming Lewis as an appellee when he had not been properly made a party was "false, misleading, and deceptive," and that Lewis "is not and cannot be made a party to this lawsuit" based on quasi-judicial immunity. However, the offending pleadings that were the subject of Lewis's motion for sanctions were all post-judgment motions filed for the purpose of initiating the first appeal. We must agree with Kleinsmith that Lewis's motion for sanctions was in essence a motion for appellate attorney's fees pursuant to Tennessee Code Annotated § 27-1-122 for the filing of a frivolous appeal. Under Section 27-1-122, the decision on whether to award damages for the filing of a frivolous appeal rests solely in the discretion of the appellate court, and it was improper for the trial court to essentially grant appellate attorney's fees to Lewis under Rule 11.[13] *See Whalum v. Marshall*, 224 S.W.3d 169,

---

[12]Marra's brief did not address these issues, because he "did not take part in the proceedings on these issues."

[13]This Court has held that Rule 11 sanctions do not apply to arguments made in the Court of Appeals. *Vermillion v. Vermillion*, 892 S.W.2d 829, 833 (Tenn. Ct. App. 1994) (arguments made in the Court of Appeals cannot serve as the basis for Rule 11 sanctions in the trial court). In this case, many of the offending pleadings naming Lewis as an appellee – the notice of appeal, the cost bond, etc., – were in fact filed in the trial court, not in the appellate court.
(continued...)

180-81 (Tenn. Ct. App. 2006) (stating that whether to award damages for a frivolous appeal is an issue that lies solely with the appellate court).

For these reasons, we must conclude that the trial court abused its discretion in granting Lewis's motion for Rule 11 sanctions and awarding appellate attorney's fees to Lewis for Kleinsmith's filing of pleadings in connection with the first appeal. Lewis's motion was essentially a motion for damages for a frivolous appeal pursuant to Section 27-1-122, and such motions are to be addressed solely by the appellate court. Therefore, the trial court's award of Rule 11 sanctions is reversed.

This conclusion does not end our inquiry. In this appeal Lewis has asked for damages pursuant to Section 27-1-122, again requesting attorney's fees on appeal. We construe this request as encompassing damages (fees) incurred in defending the first premature appeal in this matter. To reiterate, the conduct for which Lewis seeks damages is Kleinsmith's naming Lewis as an appellee without formally adding him as a party. Unfortunately for Lewis, we have held that Lewis is an appropriate party to this appeal. Kleinsmith had filed a motion with this Court to have Lewis formally added, but that motion was not adjudicated by this Court. In light of this holding and all other surrounding circumstances, we find that Kleinsmith's conduct did not warrant damages and we decline to award Lewis attorney's fees for defending the first appeal.

---

[13](...continued)
All of the offending pleadings, however, were filed in connection with the appeal, and for the purpose of initiating the appeal. The fees generated from those pleadings would have been included in any request for fees on appeal under Section 27-1-122. Such post-judgment fillings are inappropriate as a subject for Rule 11 sanctions.

*Bank's Cross-Motions for Sanctions*

The Bank argues that the trial court erred in denying its two cross-motions for Rule 11 sanctions against Lewis's counsel's law firm and its attorneys. The first motion for sanctions alleged that Lewis's motion to confirm was improper, because it was unnecessary and was based upon no factual or legal grounds. The second motion for sanctions alleged that Lewis's motion for Rule 11 sanctions was improper because Lewis's request for appellate attorney's fees should have been directed to the appellate court, as set out above. The trial court denied both of these motions in light of its other holdings in favor of the Appellees.

With respect to the trial court's denial of the Bank's first motion for Rule 11 sanctions, we find no abuse of discretion. Lewis's motion to confirm was neither unnecessary nor meritless. After this Court remanded the case following the first appeal, Lewis filed the motion to confirm to place the relevant issues squarely before the trial court in order to resolve the immunity issue and to obtain disbursement of his fee. Thus, the Bank's first motion for Rule 11 sanctions was meritless and the trial court did not err in denying it.

We also find no abuse of discretion in the trial court's denial of the Bank's second motion for Rule 11 sanctions. As outlined above, we have determined that Lewis's motion for Rule 11 sanctions should not have been granted. This does not, however, mean that the filing of the motion was sanctionable. Rule 11 sanctions are not justified simply because the offending motion turns out to be nonmeritorious. *See State ex rel. Thompson v. Walker*, No. 01A01-9311-CR-00486, 1994 WL 164144, at *4 (Tenn. Ct. App. May 4, 1994) (holding that the failure of the merits of a claim does not make it frivolous *per se*). In fact, in addressing a motion for Rule 11 sanctions, the trial court should refrain from passing judgment on the merits of the underlying action, and all doubts should be resolved in favor of the signer of the pleading. *See Berger v. Ratner*, No. 62431 T.D., 1997 WL 170327, at *5 (Tenn. Ct. App. Apr. 11, 1997). Under the circumstances of this case, we find no abuse of discretion in the trial court's decision to deny both of the Bank's motions for Rule 11 sanctions against Lewis's counsel's law firm and its attorneys.

**Parties to the Appeal**

The Appellants request that this Court reconsider its decision to retain Marra as an Appellee in this appeal. We adhere to our initial decision to retain Marra as an Appellee.

Lewis argues that this Court should reconsider its decision to add him as an Appellee in this action because of his quasi-judicial immunity. It is undisputed that Lewis enjoys immunity from suit based on his performance of judicial or quasi-judicial functions. *See Miller v. Niblack*, 942 S.W.2d 533, 537-41 (Tenn. Ct. App. 1997). This appeal, however, challenges the fee awarded to Lewis by the trial court. The trial court's award of a fee was authorized by statute, with the amount of the fee within the discretion of the trial court. As such, the exercise of the trial court's discretion is subject to review on appeal. The propriety of the services performed by Lewis are beyond challenge because

of his immunity, but the fee awarded to him is not.[14] Lewis, the person to whom the fee was awarded, is named as an Appellee only to the extent that he would seek to defend his fee, which he has done with full participation in this appeal. This Court may add parties "on such terms as are just." Tenn. R. App. P. 19(e). Thus, we adhere to our initial decision to add Lewis as an Appellee in these proceedings.

## CONCLUSION

The parties will bear the cost of their own attorney's fees on appeal. The holdings above pretermit any other issues raised on appeal. All outstanding motions filed by the parties in this appeal that are not specifically addressed herein are denied.

We affirm in part and reverse in part the decision of the trial court. Costs on appeal are to be taxed one half to Appellants Bank of New York, Philip Kleinsmith, and their surety, and one half to Appellees Rodney Marra and Vip D. Lewis, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[14]This is not unlike a challenge to the fee of other court-appointed officers, such as guardians ad litem or special masters. *See, e.g., Pennington v. Boundry, Inc.*, No. M2006-02650-COA-R3-CV, 2008 WL 1923110, at *9-10 (Tenn. Ct. App. May 1, 2008) (citing cases).