IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2012

**IN THE MATTER OF: ANTHONY J. H.**

**Appeal from the Juvenile Court for Davidson County**
**No. 20063640      Betty Adams Green, Judge**

---

**No. M2011-01839-COA-R3-JV - Filed: October 23, 2012**

---

This case involves a petition filed in the Davidson County Juvenile Court to change custody of a minor child from his father to his mother. The Juvenile Court Magistrate conducted an extensive hearing, and ruled at the conclusion of the proof that there had been a material change of circumstances, but that it was in the child's best interest that the father remain the child's primary residential parent. The mother filed a timely request for a re-hearing before the Juvenile Court Judge. She appeared *pro se* at the de novo hearing, and did not present any witnesses or any proof. The Juvenile Court Judge declared that no material change of circumstances had been proved, but that the magistrate's order should be affirmed. Because we cannot reconcile the internal inconsistencies in the Juvenile Court's order, we vacate that order.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which RICHARD H. DINKINS and ANDY D. BENNETT, JJ., joined.

Jonathan Lionel Stein, Brentwood, Tennessee, for the appellant, Kanina Y. Hazlett.

Stephanie J. Williams, Nashville, Tennessee, for the appellee, Samuel L. Howard.

**OPINION**

Kanina Hazlett ("Mother") filed an appeal of a final order of the Juvenile Court of Davidson County denying her petition for change of custody. Her child, Anthony, had been in the primary custody of Sam Howard ("Father"). Mother filed a brief, and Father filed a responsive brief addressing Mother's issues and raising one of his own.

Mother recently sought to dismiss her appeal.[1] Father filed a "Response to Mother's Motion/Petition to Dismiss" and asked this court to deny the requested dismissal because "there are issues before this Court that can and will affect future proceedings between the parties in this cause . . . ." In other words, Father wanted his appeal heard. In the alternative, Father renewed his request that this court award him his attorney fees as a sanction for frivolous appeal. *See* Tenn. Code Ann. § 27-1-122.

We grant Mother's motion to dismiss her appeal, leaving as the only issues before us those raised by Father,[2] the primary one challenging the juvenile court judge's affirming the order of the magistrate.

## I. CHANGE OF PARENTING ARRANGEMENT

In order to address the substantive issue raised by Father, it is necessary to recount some of the proceedings in the trial court.

Mother's petition was heard by the Magistrate of the Juvenile Court,[3] who in a final order determined there had been a material change in circumstance. The order then analyzed the best interest of the child in accordance with the factors set out in Tenn. Code Ann. § 36-6-106. The Magistrate concluded that Mother and Father should share joint custody and that Father should be designated as the child's primary residential parent with decision-making to be shared. The order also set out a specific residential parenting schedule for Mother.

After a magistrate has heard a case, he or she is to transmit to the Juvenile Court Judge

---

[1]Although Mother had appeared pro se in the hearing before the juvenile court judge, she retained an attorney for the appeal, who filed a brief on her behalf. Accordingly, we initially denied Mother's motion to dismiss her appeal because she was represented by counsel. Her attorney then filed a motion to withdraw, which motion we have granted by separate order.

[2]An appellant may voluntarily dismiss an appeal by motion or notice or by the filing of a stipulation of dismissal signed by all parties. But a party wanting to litigate issues on appeal despite the dismissal of the original appeal may provide "notice of such intent in a response to the motion to dismiss." Tenn. R. App. P. 15(a). The appellate courts possess the discretionary authority to place conditions on voluntary dismissals of appeals to prevent prejudice to the parties or, in proper circumstances, to decline to dismiss an appeal. *Jackson-Madison County Gen. Hosp. Dist. v. Tennessee Health Facilities Comm'n*, M1999-02804-COA-R3-CV, 2001 WL 1504745 (Tenn. Ct. App. Nov. 28, 2001) (no Tenn. R. App. P. 11 application filed).

[3]Tenn. Code Ann. § 37-1-107(b) permits the Judge of the Juvenile Court to appoint a magistrate to hear cases in the first instance "in the manner provided for the hearing of cases by the court." That is, the magistrate may issue process and hear witnesses, and may issue an order that is legally binding on the parties if it is confirmed by the Juvenile Court Judge.

"all papers relating to the case, together with the magistrate's findings and recommendations in writing." Tenn. Code Ann. § 37-1-107(d). Any party may appeal the magistrate's decision by requesting a hearing before the Juvenile Court Judge within five days of that decision. Tenn. Code Ann. § 37-1-107(e). Herein, Mother requested a hearing before the judge.

If a request for a hearing is timely made, the judge "shall allow a hearing. . . ." Tenn. Code Ann. § 37-1-107(e). This court has stated that, "the language in the Statute, 'shall allow a hearing' contemplates a traditional *de novo* hearing." *Gilland v. Gilland,* M2002-02276-COA-R3CV, 2004 WL 2583885 at *6 (Tenn. Ct. App. Nov. 9, 2004) (no Tenn. R. App. P. 11 application filed). We have also stated that such a hearing is "not a review of the record presented to the magistrate, but is a full evidentiary hearing akin to a new trial, as in an appeal from a general sessions court to a circuit court." *In re Nathan A-W,* M2011-01331-COA-R3-JV, 2012 WL 2413560 (Tenn. Ct. App. June 26, 2012) (citing *Kelly v. Evans,* 43 S.W.3d 514, 515-15 (Tenn. Ct. App. 2000)); *Kissick v. Kallaher,* W2004-02983-COA-R3-CV, 2006 WL 1350999 (Tenn. Ct. App. May 18, 2006) (no Tenn. R. App. P. 11 application filed).

The subject of the hearing before the Juvenile Court Judge was Mother's petition for a change of custody. A decision on a request for a change of custody or modification of a parenting plan requires a two-step analysis. *Cranston v. Combs,* 106 S.W.3d 641, 644 (Tenn. 2003). A party petitioning to change an existing custody order must prove both (1) that a material change of circumstances has occurred and (2) that a change of custody or residential schedule is in the child's best interest. *Kendrick v. Shoemake,* 90 S.W.3d 566, 575 (Tenn. 2002). Only after a threshold finding that a material change of circumstances has occurred is the court permitted to go on to make a fresh determination of the best interest of the child. *Kendrick,* 90 S.W.3d at 569; *Blair v. Badenhope,* 77 S.W.3d 137, 150 (Tenn. 2002); *Curtis v. Hill*, 215 S.W.3d 836, 840 (Tenn. Ct. App. 2006).

Mother appeared at the hearing *pro se* and did not call any witnesses or present evidence, but simply argued to the judge that she should be awarded custody of the child for various reasons. During the hearing, the judge explained to Mother that it was her burden to show a material change of circumstance. At the conclusion of the hearing before the Juvenile Court Judge, the Judge directed Father's attorney to prepare a final order for his signature and "just put down in the order saying that mother failed to prove any substantial change of circumstances." The final order accordingly contained two clauses:

> Mother failed to show a material change of circumstances to warrant a modification of the previous order.

-3-

and,

The order entered on April 15, 2011 by Magistrate Sheila D.J. Calloway should be affirmed.

Those two clauses are inconsistent. The magistrate found that there had been a material change of circumstances, thereby reaching the threshold which allowed analysis of the best interest of the child and a modification of custody or parenting arrangement. While the magistrate did not change custody of the child, in terms of designation of the primary residential parent, she did adopt a new parenting plan in place of the one the parties had operated under since 2006 that made some changes to the residential schedule of the child or visitation of Mother.

Thus, in one part of the final order, the Juvenile Court Judge specifically found that no change of circumstances had been proved, and in another, it purported to affirm an order that stated that a material change of circumstances had occurred, thereby warranting a change in the parenting plan. Accordingly, we must vacate the order of the Juvenile Court and remand this case for any further proceedings that might be necessary.

## II. ATTORNEY FEES

Father has asked this court to award him his attorney fees on appeal under Tenn. Code Ann. § 27-1-122, which allows this court to make an award for damages, including attorney fees, when it appears that the appeal was frivolous or taken solely for delay. The decision on whether to award attorney fees for the filing of a frivolous appeal rests solely in the discretion of the appellate court. *Banks v. St. Francis Hospital*, 697 S.W.2d 340, 343 (Tenn. 1985); *Marra v. Bank of New York*, 310 S.W.3d 329, 342 (Tenn. Ct. App. 2009); *Whalum v. Marshall*, 224 S.W.3d 169, 180–81 (Tenn. Ct. App. 2006). In the exercise of our discretion, we decline to award attorney fees in this case.

## III. CONCLUSION

The judgment of the trial court is vacated. We remand this case to the Juvenile Court of Davidson County for any further proceedings needed. Tax the costs on appeal to the appellant, Kanina Hazlett.

_____

PATRICIA J. COTTRELL, JUDGE