RUCKER *v.* AYMETT (RICE'S APPEAL).

*(Nashville,* December Term, 1948.)

Opinion filed March 11, 1949.

See also 188 Tenn. 294, 219 S. W. (2d).

F. C. SEWELL and J. G. FARRAR, both of Memphis, for complainant.

W. C. RODGERS and W. H. FISHER, both of Memphis, for defendant.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This cause originated in the Chancery Court of Shelby County in which the complainant obtained a decree in her

favor against the defendant for $6,463.47, together with the costs. Executions issued upon said decree from time to time with a return *nulla bona.*

An execution was duly issued on September 18, 1946, returnable to the first Monday in October 1946. On November 27, 1946, a second execution was issued wherein a number of people were garnisheed. Some of them filed sworn answers in which they denied that they were indebted to Julian Aymett, also denied that they had in their possession or control any property, debts or effects belonging to the said Aymett. Other garnishees answered that they had secured loans from the said judgment debtor; that they were indebted to the said Julian Aymett but that said indebtedness was evidenced by negotiable notes made payable to Bearer. The judgment creditor, and her solicitor, being dissatisfied with the answers of the several garnishees who claimed they were not indebted to Julian Aymett took steps to orally examine them before the chancellor as provided by Code Section 8948. The record discloses that a motion was put down in the court for an order to orally examine the garnishees. A *subpoena duces tecum* was also issued and served upon the said garnishees requiring them to personally appear before the court for examination on a day certain, and requiring then that they bring with them all papers pertaining to any transactions they had had with the said Julian Aymett since June 15, 1946, together with any other evidences of indebtedness of any kind wherein the said Aymett had an interest.

Upon the hearing the chancellor held that certain of the garnishees were apparently indebted to the judgment debtor, Julian Aymett. The items of indebtedness were evidenced by promissory notes payable to Bearer. None

of the notes were in excess of $1,000.00 except one Phronie Brittenum whose debt was approximately $1,050.00 and evidenced by promissory notes and secured by a Trust Deed of record in the Register's office. The chancellor entered an interlocutory order directing the several garnishees to make all future payments on their indebtedness to the Clerk and Master, conditioned upon the judgment creditor giving an indemnity bond with the Clerk and Master in the sum of $5,000.00 with good and sufficient surety to indemnify the said garnishees, etc. At that time it did not appear who was the holder of the unmatured notes. Several of the garnishees testified that they did not know who owned the notes. Some thought they borrowed the money from the judgment debtor. The aforesaid bond was executed and approved by the Clerk and Master. The order further provided that anyone claiming to be the owner of any of said series of notes, or parts thereof, might intervene in the cause and assert their rights of ownership of the notes.

Pursuant to this order Mrs. Claribel Rice filed an intervening petition wherein she claimed to be the owner of all of the series of notes described in detail in said order, except the five series claimed by B. B. Jefferson, and one series of notes executed by Phronie Brittenum. The intervening petition was duly verified and a copy served upon counsel for the garnisher. The prayer of the petition was "that she have the opportunity to establish her ownership; and that the injunction against the collection of said notes, etc. be dissolved and for general relief."

The garnisher, Mrs. Winafred Rucker, filed an answer in which she expressly denied that the petitioner was the owner of any series of notes that had been gar-

nisheed; that if she was in possession of any of said notes "it was for the use and benefit of Julian Aymett." The substance of the answer is that petitioner is a front for the said Aymett and that "this action upon the part of the petitioner is merely in furtherance of a conspiracy existing between the defendant, Julian Aymett, and her to conceal the assets of said defendant," etc.

There was a formal hearing upon the petition, the answer of the garnisher, the testimony of the garnishees previously taken and the testimony of Mrs. Claribel Rice. It is important to note in this connection that Mrs. Rice did not file her petition as a garnishee in response to any notice or subpoena to appear and be orally examined as a garnishee.

In passing upon the motion to dispose of the intervening petition of Mrs. Rice the chancellor held that the burden was upon her to rebut his previous finding that apparently the judgment debtor, Julian Aymett, was the owner and holder of the notes; that since she had not carried the burden, and was a "discredited witness", the conditional judgment was made absolute. She was ordered "to deliver to the Clerk and Master all of said notes as the property of Julian Aymett," each note being described with particularity, and said order was complied with at once. The petitioner excepted and was granted an appeal to the Court of Appeals. That court in response to appropriate assignments of error reversed the chancellor, holding that the Chancery Court was without jurisdiction to enter an order of garnishment upon negotiable promissory notes not matured; "that the garnishee as payor cannot be made liable as garnishee upon a debt evidenced by negotiable or assignable paper unless such paper is delivered to the garnishee, or the

garnishee be completely exonerated or indemnified." The court held that the judgment was "void upon its face" and that the order "requiring Mrs. Claribel Rice to deliver to the Clerk and Master the notes listed in the decree is void" and should be returned to Mrs. Rice. The court expressed the opinion that the procedure in the instant case appeared to be "most unusual and ingenious," and could only be supported "by some statutory enactment."

We granted *certiorari* to review the holding of the Court of Appeals and oral argument has been heard. The assignments of error relate to error by the Court of Appeals in holding the decree of the chancellor to be void and that the decree directing Mrs. Rice to deliver the notes to the Clerk and Master was likewise void. Other errors are assigned relating to garnishment of and judgment upon "unmatured notes", but will not be considered since the cause must be reversed on the ground that the procedure is not authorized by our garnishment statutes.

■■ Omitting for the present a response to the first assignment of error, we think the oral examination of the several garnishees was authorized by Code Section 8948 which provides: "Such other questions may be put to him by the court or the judgment creditor as may tend to elicit the information sought." Where there is an attachment by garnishment and written notice served upon the garnishee, Code Section 9430 directs him to appear "at the return term," or "before a justice of the peace" to answer questions "touching the property and effects of the defendant." In the instant case there was sufficient notice since it appears from the record that the garnishees were served with a subpoena *duces tecum* to bring with

them certain notes and papers relating to transactions with Julian Aymett.

█ There is no doubt but that these garnishees were · indebted to the holder of their respective notes, which evidenced their indebtedness. The judgment creditor learned of these transactions from the office of the Register of Deeds and thereupon the court, without any knowledge as to who was the holder of the notes, directed that all future payments be made to the Clerk and Master upon the execution of a proper bond by the complainant. This action of the chancellor is wholly unknown to the garnishment laws of this State.

█ No authority is cited, and we believe none can be found, where in a garnishment proceeding a garnishee is required to carry the burden of showing that he is not indebted to the judgment creditor, or that he is conspiring with the debtor to conceal property of the latter from the claims of creditors. That is exactly what happened in the instant case, also in B. B. Jefferson's appeal which will be considered later and in a separate opinion. The difference however between the two is that Claribel Rice was not served with notice to answer as a garnishee. She appeared in the Chancery Court as an intervenor seeking affirmative relief.

█ █ Conceding as we do the right of the creditor, and the trial court, to orally examine the garnishee, his liability is not to be established by the answers of other garnishees. The liability of each must rest upon his own answer. *Moore* v. *Green* 23 Tenn. 299; *Walton* v. *Sharp* 79 Tenn. 578. In *Brown* v. *Slate* 26 Tenn. 112, 113 it was held: "If the answer of the garnishee under execution be not sufficiently specific to charge him, he must be discharged, and this though the answer leaves

room for suspicion," etc. To the same effect see *Moses v. McMullen* 44 Tenn. 242, 244 where it is said: "His liability is not to be arrived at by surmises and inferences but from direct admission in the answer or conclusions necessarily following therefrom." *Groveland Banking Co* v. *City Nat. Bank* 144 Tenn. 520, 521, 542, 234 S. W. 643. *Drane v. McGavock*, 26 Tenn. 132.

 There is no dispute but that the amount of each individual *garnishee* in the instant case was less than $1,000.00, and the separate answer of each was not conclusive upon the garnisher under the Code (Section 8962). But when the total debts of all garnishees are considered the amount is far in excess of $1,000.00. If Claribel Rice was the holder of all the notes, and a garnishee, her answer would be conclusive. But as we have pointed out she was not summoned to answer as a garnishee. Whether she was or was not does not go to the merits of the procedure wherein the chancellor entered a decree against her because she had not carried the burden of proof that she was not holding the notes in fraud of the rights of creditors. The decree is held to be erroneous for the further reason that it deprives the garnishee of a broad appeal to the Court of Appeals where every issue is considered *de novo*. Moreover where a judgment creditor seeks to impound property in the hands of a third party, by attachment or other wise, as belonging to the judgment debtor, and alleges as grounds for attachment by garnishment that such party is in possession by fraud and collusion with said judgment debtor, the action is not proper in a garnishment proceedings but must be brought directly by bill in equity. It is analogous to and rests upon the same basis as any other suit in equity to set aside conveyances

and other transactions in fraud of creditors. *Bryan* v. *Uarecor*, 112 Tenn. 503, 81 S. W. 1252. In all such cases the burden is upon the complainant, or attaching creditor, to prove the transactions to be fraudulent, and not upon the defendant, or third party, to establish the *bona fides* of his possession.

We find it unnecessary to consider other assignments of error. The decree of the Court of Appeals is sustained in so far as it holds that the decree of the chancellor was void. It is remanded for further proceedings not inconsistent with this opinion. The judgment creditor will pay the costs of this appeal.

All concur.