IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 4, 2018 Session

**KIMBERLY J. SMITH v. GREGORY A. SMITH ET AL.**

**Appeal from the Circuit Court for Bradley County**
**No. V-09-931      Jerri Bryant, Chancellor**

_____

**No. E2017-01295-COA-R3-CV**

_____

Judgment creditor appeals the trial court's decision to set aside a conditional judgment, to dismiss her claims of bad faith, civil contempt, and conversion against the garnishee, and to deny certain requests for discovery and sanctions. We affirm the trial court's decision to set aside the conditional judgment, as well as the dismissal of the judgment creditor's conversion claim. We reverse, however, the trial court's dismissal of the judgment creditor's claims of bad faith and civil contempt. We also vacate the trial court's decisions with regard to sanctions and discovery, except to the extent that the trial court allowed withdrawal of certain requests for admission, which is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part; Reversed in Part; and Vacated in Part.**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Kimberly J. Smith, Nashville, Tennessee, Pro se.

Philip B. Byrum and Everett L. Hixson, III, Chattanooga, Tennessee, for the appellee, GCA Services Group, Inc.

**OPINION**

**Background**

In a post-divorce alimony proceeding, a garnishment was issued on January 4, 2016 against Respondent Gregory A. Smith in favor of Petitioner/Appellant Kimberly J. Smith ("Ms. Smith").[1] Thereafter, Ms. Smith alleges that Garnishee/Appellee GCA

_____

[1] Although Ms. Smith is self-represented in this appeal, she represented to the trial court that she

Services Group, Inc. ("GCA") did not garnish Mr. Smith's wages pursuant to federal law. The parties dispute the procedure that thereafter occurred. According to Ms. Smith, she thereafter obtained a conditional judgment and scire facias against GCA on March 2, 2016.

According to GCA, however, Ms. Smith merely filed a motion in the post-divorce action seeking a conditional judgment and scire facias against GCA on March 2, 2016. On March 16, 2016, GCA faxed a response to the trial court in which a garnishment form was completed showing Mr. Smith's wages; the form was accompanied by copies of Mr. Smith's pay stubs. This response, however, was not filed by an attorney, nor was it served on Ms. Smith. The hearing took place as scheduled on March 24, 2016; no representatives for GCA appeared. As such, on April 14, 2016, the trial court entered an order granting a conditional judgment to Ms. Smith against GCA. Therein, the trial court ruled that GCA had not complied with Tennessee and federal law concerning the proper withholding. As such, the trial court entered a conditional judgment against GCA in the amount of $88,009.27. Finally, the trial court ordered GCA to appear at a June 3, 2016 hearing to show cause why the conditional judgment should not become final. Following this hearing, GCA filed the affidavit of its garnishment specialist and Ms. Smith filed a request for punitive damages against GCA for its failure to appear at the prior hearing or to properly garnish Mr. Smith's wages as ordered.

Ms. Smith and counsel for GCA appeared at the June 3, 2016 hearing. During the hearing, the trial court ruled that neither party would be allowed to present evidence but that the issue would be decided as a matter of law. During the hearing, counsel for GCA admitted that it had not garnished Mr. Smith's wages at the 65% rate required by federal law, stating that the error resulted from incorrect information given to GCA by a court clerk. The trial court entered an order vacating the conditional judgment on June 6, 2016. Therein, the trial court ruled that GCA had not acted in bad faith with regard to the garnishment because it relied on the incorrect advice of a court clerk. The trial court also dismissed Ms. Smith's request for punitive damages. Ms. Smith thereafter filed a timely motion to alter or amend/motion for new trial on this issue.

According to Ms. Smith, GCA still failed to comply with the garnishment order. As such, on June 24, 2016, Ms. Smith filed a motion for civil contempt, conversion, and punitive damages against GCA concerning its failure to comply with the trial court's garnishment order. On September 26, 2016, GCA responded in opposition to Ms. Smith's petition, alleging that a system failure caused the errors with Ms. Smith's garnishment. In addition, GCA raised the affirmative defense of lack of service of process pursuant to Rule 4.04 of the Tennessee Rules of Civil Procedure. The parties thereafter engaged in several discovery disputes, as detailed *infra*. Eventually, Ms. Smith filed a motion for sanctions against GCA related to its conduct in the litigation.

---

is in fact a licensed Tennessee attorney.

The trial court later entered an order directing the parties to brief three issues: (1) authority to sanction GCA as the garnishee for failing to comply with discovery; (2) authority to sanction counsel for discourteous behavior to an opposing party; and (3) whether bad faith failure to pay a garnishment requires a separate cause of action against the garnishee. The trial court eventually entered an order denying the requests for sanctions and ruling that the petition against GCA as garnishee must be filed as a separate cause of action. The order states, however, that discovery with regard to whether GCA appropriately paid Ms. Smith "may proceed." The order finally stated that, "[t]his court will hold this case open for thirty (30) days for any motions to delineate any separate causes or any cause of action that is still pending in this matter. Otherwise, this matter will stand dismissed." The trial court thereafter denied Ms. Smith's motion for new trial (filed in June 2016 on the trial court's decision to set aside the conditional judgment) by order of June 1, 2017.[2] Ms. Smith thereafter appealed to this court.

## Issues Presented

Ms. Smith raises a number of issues in her brief, which are slightly restated here:

1.      Did the trial court err in failing to properly apply Tennessee Code Annotated section 29-7-112 through 29-7-116 and make the conditional judgment against GCA final?

2.      Did the trial court err, effectively denying Ms. Smith the right to be heard, by:

a. determining at the June 3, 2016 hearing that the case was a matter of law and not fact, thereby arbitrarily and capriciously excluding Ms. Smith's evidence relating to GCA's misconduct in this case, including but not limited to evidence of bad faith; and/or

b. denying Ms. Smith's motion to amend findings and for new trial and/or to alter or amend judgment by entering the June 1, 2017 order without a hearing on said motion?

3.      Did the court err in first determining that the case was a matter of law and not fact, refusing to hear testimony and accept evidence related to GCA misconduct and then entering an order setting aside the conditional judgment and denying bad faith punitive damages, a finding which necessarily must be based on fact?

4.      Did the trial court err in stating in open court on June 3, 2016 that Ms. Smith "knows [GCA] does not owe Mr. Smith $87,000," or words of similar effect, exhibiting bias in this particular case based on the trial judge's disagreement with the state of the law as it currently exists relative to conditional judgments against garnishees, prejudicing Ms. Smith?

---

[2] The order also stated that the parties had agreed to mediation, presumably as to the issue of any unpaid amounts pursuant to the June 6, 2016 judgment.

5.     Did the trial court err in refusing to void or strike GCA's "response" to the garnishment following service of the conditional judgment and scire facias, which "response":

a. was late-sent, was unsatisfactory, and failed to show cause as required by Tennessee Code Annotated section 29-7-116 and Tennessee Rule of Civil Procedure 69.05(4);

b. violates Tennessee Rule of Civil Procedure 11 in that it was "filed" by a non-attorney on behalf of a corporation in then-contested litigation;

c. further violates Tennessee Rule of Civil Procedure 11 in that, when brought to the GCA's attention, the insufficiency was not promptly corrected (and in fact remains uncorrected almost two years later);

d. violates Tennessee Rule of Civil Procedure 5 in that it was not served on Ms. Smith; and

e. violates Tennessee Rule of Civil Procedure 5A in that it failed to comply with fax filing rules?

6.     Does Tennessee Rule of Civil Procedure 69.03's reference to discovery rules 26-37, excluding Rule 35 authorize discovery to be served on and authorize sanctions against garnishee defendants who fail to comply with discovery?

7.     Did the Court err in depriving Ms. Smith of the benefit of meaningful discovery by:

a. failing to properly apply Tennessee Rule of Civil Procedure 26-37 (excluding Rule 35) pursuant to Tennessee Rule of Civil Procedure 69.03, thereby failing to meaningfully enforce Ms. Smith's right to discovery against GCA:

b. failing to properly apply Tennessee Rule of Civil Procedure 7.02 by requiring Ms. Smith's oral motion to deem admitted made during a hearing on GCA's Motion to quash interrogatories and requests for production of documents to be written, filed, and noticed for hearing where

1. GCA's motion to quash failed to include a request that the court quash the requests for admission served simultaneously with the other forms of discovery when

i. discovery responses were already significantly overdue

ii. GCA had

• failed to make any response to any discovery

• failed to formally or informally request additional time within which to respond, and

• failed to move to quash discovery within the time permitted for response; and/or by

b. applying the incorrect rule of law for finding excusable neglect and, where within the time prescribed by Tennessee Rule of Civil Procedure 36 and for months thereafter, GCA had:

1. never responded to Requests for Admission,

2. failed to seek additional time within which to respond (either formally or informally), and

3. failed to move to quash the requests for admission (though it did move to quash other forms of discovery), initially deeming the requests "admitted" but then permitting GCA to withdraw the deemed admissions and substitute its own late, vague, improper, and otherwise objectionable responses?

8. Does a petition for civil contempt, conversion, and punitive damages arising from a garnishee-defendant's failure to comply with the court's order necessitate issuance of a new summons to be served on a garnishee-defendant when the court retains jurisdiction over the garnishee-defendant due to pending motions in an open case?

9. If a petition for civil contempt, conversion, and punitive damages arising from a garnishee-defendant's failure to comply with the court's order in an open case does require issuance of a new summons, does GCA's failure to raise the defense of lack of personal jurisdiction in the next-filed motion or responsive pleading constitute waiver under Tennessee Rule of Civil Procedure 12?

10. Does the Court have authority to sanction an attorney's discourteous conduct towards an opposing party in withdrawing a motion without notice to the court or an opposing party, resulting in damages to the opposing party, including but not limited to lost income and the expenditure of time and expense in preparing for and traveling to a distant county for a hearing thereon?

11. Did the trial court's multiple errors in this matter, even if harmless in isolation, have the cumulative effect of depriving Ms. Smith of due process and fundamental fairness?

12. Did the trial court err in refusing to approve Ms. Smith's statement of evidence?

In the posture of Appellee, GCA seeks an award of damages for the defense of a frivolous appeal.

**Discussion**

**I.**

We begin first with Ms. Smith's argument that the trial court exhibited impermissible bias against her, requiring this Court to vacate the trial court's judgment. Ms. Smith's argument on this front surrounds a June 3, 2016 comment made by the trial judge that the trial judge was aware that GCA "does not owe Ms. Smith $87,000[.00]," despite the fact that no evidence had yet been presented in the case. From our review of the record, however, Ms. Smith never filed a motion seeking recusal of the trial court. Pursuant to Rule 10B of the Rules of the Tennessee Supreme Court, recusal is sought by

filing a timely written motion in the trial court. Tenn. R. Sup. Ct. 10B, § 1.01 ("Any party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record, or a judge acting as a court of record, shall do so by a timely filed written motion."). The motion must be accompanied by a supporting affidavit. *Id.*; *see also* **Elliott v. Elliott**, No. E2012-02448-COA-10B-CV, 2012 WL 5990268 (Tenn. Ct. App. Nov. 30, 2012) ("[I]t is imperative that litigants file their petitions for recusal appeal in compliance with the mandatory requirements of Rule 10B in the first instance," and Rule 10B "makes [the affidavit in support of the motion for recusal] mandatory."). Because no such motion was filed in the trial court, we will not entertain this issue on appeal.[3] *See, e.g.,* **Lofton v. Lofton**, 345 S.W.3d 913, 917 (Tenn. Ct. App. 2008) ("Because Mr. Lofton did not file a motion for recusal, we would usually hold that he has waived such right in conjunction with the hearings before the trial court.");[4] **Wright v. Pate**, 117 S.W.3d 774, 777 (Tenn. Ct. App. 2002) ("Because Appellant has filed no motion for recusal, we must hold that Appellant has waived such right in conjunction with the January 30, 2002 hearing and subsequent Order filed February 13, 2002."); *cf.* **Childress v. United Parcel Serv. Inc.**, No. W2016-00688-COA-T10B-CV, 2016 WL 3226316, at *3 (Tenn. Ct. App. June 3, 2016) (declining to consider a recusal appeal where the written recusal motion was not accompanied by the required affidavit).

Moreover, we note that nothing in Ms. Smith's brief actually seeks recusal of the trial court upon any future remand; rather, Ms. Smith merely asks that "if remanded, the trial court be required to apply the law as it currently exists in Tennessee." Although we have reversed or vacated some of the trial court's decisions in this case, nothing in the record leads this Court to believe that the trial court will do anything less than fairly and conscientiously follow the law in the future. *See* **Alley v. State**, 882 S.W.2d 810, 821 (Tenn. Crim. App. 1994) ("Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification."). As such, this issue is respectfully without merit.

## II.

We next consider whether the trial court erred in refusing to accept Ms. Smith's statement of evidence. Here, Ms. Smith contends that the trial court refused to accept Ms. Smith's proffered statement of the evidence after finding that the statement interjected

---

[3] Ms. Smith asserts that this issue was presented in the trial court via her motion to alter or amend. Respectfully, a single assertion that the trial court "demonstrate[ed] bias against the rule of law" without any accompanying request for recusal of the trial judge or proper motion to recuse supported by an affidavit as required by Rule 10B is not sufficient to preserve this issue for appellate review.

[4] In **Lofton**, we held that recusal may still be warranted in such a case where the bias was "egregious." *Id.* at 917 ("[E]ven in the absence of a motion to recuse, if the apparent bias of a trial court is sufficiently egregious, then it may, nonetheless, require sua sponte recusal or, at least, transfer to another judge upon remand."). No such allegations are at issue in this case and the record does not present evidence of an egregious bias.

Ms. Smith's "recollection into the record" as well as that the statement included issues not properly raised in the trial court. Pursuant to Rule 24 of the Tennessee Rules of Appellate Procedure, the trial court has the authority to approve or reject a statement of the evidence presented by a party. Tenn. R. App. P. 24(f). In disputes concerning the record, the trial court's decision is conclusive absent extraordinary circumstances. Tenn. R. App. P. 24(e). Ms. Smith contends that extraordinary circumstances exist in this case because she attempted to raise all issues in her later motion to alter or amend and that a statement of the evidence based on her recollection is permitted under Rule 24. See Tenn. R. App. P. 24(c) (stating that a statement of the evidence shall be prepared "from the best available means, including the appellant's recollection"). We note, however, that the trial court did not refuse to accept Ms. Smith's statement of evidence not only on the basis of inserted recollections, but also because the statement contains Ms. Smith's "own opinions."

We agree that Ms. Smith's proffered statement of the evidence interjects impermissible argument and opinions. For example, during her recitation of the events at a June 3, 2016 hearing, Ms. Smith's recitation of the facts includes interjected opinions concerning the correctness of the arguments set forth by GCA. Specifically, the proffered statement of the evidence stated that

> [GCA's counsel] was permitted to represent to the Court that GCA had relied on the advice of an unidentified deputy clerk in paying 25% (rather than 65%) of Mr. Smith's disposable wages, and that the Appellee/Garnishee-Defendant relied on a statute not contained within the four corners of the Supreme-Court approved garnishment template with which it was served but rather researched and found Tenn. Code Ann. §26-2-106 (a statute not even cited on the Tennessee Supreme Court garnishment form) to the exclusion of statutes that the Supreme Court deemed important enough to put garnishees on notice: 15 USCS §1673(b), Tenn. Code Ann. §§26-2-203(a), 26-2-204, 26-2-214(b)(1), and 26-2-216(b)(2).

Clearly, this recitation includes not simply the facts, but interjected argument from Ms. Smith. The purpose of a statement of the evidence is to provide an appellate court a **fair** and accurate summation of what transpired in the trial court in the absence of a stenographic transcript. *See Marra v. Bank of New York*, 310 S.W.3d 329, 336 (Tenn. Ct. App. 2009) ("[I]n order to be a useful substitute for a trial transcript, the statement must 'convey a fair, accurate, and complete account of what transpired [in the trial court] with respect to those issues that are the bases of appeal.'" (quoting Tenn. R. App. P. 24(c))). It is not an opportunity for a party to argue its case to the appellate court. *Cf. id.* (holding that "arguments of counsel" do not "qualify as evidence for purposes of a statement of the evidence"); *see also Portice v. Portice*, No. E2016-01682-COA-R3-CV, 2017 WL 3433110, at *3 (Tenn. Ct. App. Aug. 10, 2017), *perm. app. denied* (Tenn. Dec. 6, 2017) (refusing to consider a statement of evidence that contained only argument);

***First Am. Nat'l Bank v. Robinson***, No. 03A01-9507-CH-00244, 1995 WL 731789, at \*1 (Tenn. Ct. App. Dec. 12, 1995) (holding that a purported statement of the evidence was not competent where it contained only argument of the parties and no substantive evidence). Indeed, from our review, the bulk of Ms. Smith's statement of evidence contains mostly arguments of counsel, rather than recitations of evidence presented, particularly because there is no dispute that no evidentiary hearing ever occurred in this case. After thoroughly reviewing the statement of the evidence, the trial court's ruling, and the parties' argument on appeal, we cannot conclude that extraordinary circumstances exist to overturn the trial court's refusal to accept Ms. Smith's statement of the evidence. This issue is therefore respectfully without merit.[5]

III.

The next issue, and the central dispute in this appeal, concerns the trial court's decision to set aside the conditional judgment against GCA. Garnishments are controlled by both statute and the Tennessee Rules of Civil Procedure. Pursuant to Tennessee Code Annotated section 29-7-114, where a garnishee is "duly summoned" and yet fails to appear and "answer the garnishment, the garnishee shall be presumed to be indebted to the defendant to the full amount of the plaintiff's demand, and a conditional judgment shall be entered up against the garnishee accordingly." Once such a conditional judgment is entered, "a scire facias shall issue to the garnishee, returnable to the next term of the court, or to a day and place fixed before a general sessions judge, to show cause why final judgment should not be entered against the garnishee." Tenn. Code Ann. § 29-7-115. Tennessee Code section 29-7-116 further provides that "[u]pon the return of this scire facias duly served, or two (2) returns of 'not to be found in my county,' the conditional judgment shall be made final, and execution issued accordingly." Rule 69.05(3) of the Tennessee Rules of Civil Procedure further provides that "[w]ithin ten days of service, the garnishee shall file a written answer with the court accounting for any property of the judgment debtor held by the garnishee." Pursuant to this Rule,

> If the garnishee fails to timely answer or pay money into court, a
> conditional judgment may be entered against the garnishee and an order
> served requiring the garnishee to show cause why the judgment should not

---

[5] In her reply brief, Ms. Smith argues for the first time that the trial court erred in excluding her statement of the evidence because it did not act within thirty days of the filing of the statement as required by Rule 24. *See* Tenn. R. App. P. 24(f) ("The trial judge shall approve the transcript or statement of the evidence and shall authenticate the exhibits as soon as practicable after the filing thereof or after the expiration of the 15-day period for objections by appellee, as the case may be, but in all events within 30 days after the expiration of said period for filing objections. Otherwise the transcript or statement of the evidence and the exhibits shall be deemed to have been approved and shall be so considered by the appellate court, except in cases where such approval did not occur by reason of the death or inability to act of the trial judge."). Ms. Smith did not raise this argument in her initial brief to this Court. As such, it is waived. *See **Adler v. Double Eagle Properties Holdings, LLC***, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at \*6 (Tenn. Ct. App. Apr. 2, 2015) ("[A] reply brief simply is not a substitute for an initial brief to this Court.").

be made final. If the garnishee does not show sufficient cause within ten days of service of the order, the conditional judgment shall be made final and a writ of execution may issue against the garnishee for the entire judgment owed to the judgment creditor, plus costs.

Tenn. R. Civ. P. 69.05(3). "The judgment in the garnishment suit, condemning the property or debt in the hands of the garnishee to the satisfaction of the plaintiff's demand, is conclusive as between the garnishee and defendant." Tenn. Code Ann. § 29-7-117.

Ms. Smith argues that pursuant to the above law, the conditional judgment became final when GCA failed to respond to the March 2, 2016 "service of the conditional judgment and Scire Facias." In contrast, GCA contends that March 2, 2016 filing was not a conditional judgment because it was not an order signed by the trial court.

The record offers little clarity in this case. Here, the record reflects that on January 11, 2016, the trial court ordered that Mr. Smith's alimony obligation would be paid by wage assignment. On January 15, 2016, a notice to judgment debtor of a garnishment summons was served on GCA. This document was returned to the trial court on February 5, 2016. On March 2, 2016, a document titled "Conditional Judgment & Scire Facias" was issued by the Circuit Court Clerk summoning GCA to appear in the trial court on March 24, 2016 "to show cause why this CONDITIONAL JUDGMENT should not be finalized." This document was not signed by the trial court and the officer's return portion of the form has not been completed. On March 16, 2016, GCA faxed a completed garnishment calculation form to the trial court. The form noted Mr. Smith's wages and included the following handwritten notation: "per clerk only 25% of wages not 65%." Attached to the form were pay stubs for Mr. Smith.

Despite this purported answer, GCA failed to appear at the scheduled March 24, 2016 hearing. As such, the trial court entered an order on April 26, 2016, granting Ms. Smith a conditional judgment against GCA in the amount of $88,009.27 and ordering GCA to again show cause as to why it should not be finalized at a June 3, 2016 hearing. Ms. Smith thereafter filed a request for punitive damages against GCA. There is no dispute that GCA appeared through counsel at the June 3, 2016 to answer the garnishment. GCA also filed an affidavit from its garnishment specialist who detailed the issues with the rate of garnishment. On June 5, 2016, the trial court entered an order setting aside the conditional judgment. The order noted that the trial court declined to take evidence, but ruled that GCA had not acted in bad faith because its decision to withhold only 25% of Mr. Smith's disposable income came from an unidentified court clerk. The court then made the proper calculations as to the garnishment, awarded Ms. Smith a judgment for the amounts not properly garnished, and ordered GCA to garnish Mr. Smith's wages at the proper rate going forward by order of June 6, 2016.

The parties disagree as to which filing constitutes the conditional judgment for which the time period for GCA to respond commenced. As previously discussed, Rule

69.05(3) provides that where a garnishee does not show sufficient cause within ten days "of service of **the order**, the conditional judgment shall be made final and a writ of execution may issue against the garnishee for the entire judgment owed to the judgment creditor, plus costs." (Emphasis added). Thus, Rule 69.05(3) clearly contemplates that an order granting a conditional judgment must be entered for the time period contained therein to be triggered. *See also* **Boyd v. Cruze**, No. E2003-02697-COA-R3-CV, 2005 WL 1493157, at *10 (Tenn. Ct. App. June 24, 2005) (holding that no conditional judgment had been entered where an order was prepared by counsel, but "for whatever reason, the conditional judgment was never signed and entered by the trial court"). Indeed, Rule 58 of the Tennessee Rules of Civil Procedure states that "[e]ntry of judgment" is only effective when, among other things, it is signed by the trial judge. Tenn. R. Civ. P. 58 (detailing three ways judgment may be entered, all of which require "the signature of the judge"). The first order of conditional judgment signed by the trial judge was filed on April 26, 2016. This order gave GCA until the June 3, 2016 hearing to respond to the conditional judgment.

There is no dispute that GCA appeared at the June 3, 2016 hearing to defend against finalization of the conditional judgment. *See* Tenn. Code Ann. § 29-7-103(b) ("The garnishee may appear and make an answer initially either in person or by filing a written answer."); *cf.* **Dexter Ridge Shopping Ctr., LLC v. Little,** 358 S.W.3d 597, 607 (Tenn. Ct. App. 2010) (noting that the garnishment statutes are intended to provide the garnishee "ease" in answering a garnishment). Although this hearing did not occur in the ten days following the service of the order of conditional judgment, we cannot fault GCA for complying with the trial court's order. It is well-settled that trial courts have broad discretion to control their dockets and Ms. Smith has not raised an argument that the trial court erred in setting this hearing on June 3, 2016. *See* **Justice v. Sovran Bank**, 918 S.W.2d 428, 429–30 (Tenn. Ct. App. 1995) ("A trial court has broad discretion in the conduct of trials and the management of its docket."). Moreover, Tennessee Code Annotated section 26-2-209 specifically states that once a conditional judgment is entered against the garnishee for the plaintiff's debt, "a notice shall issue to the garnishee returnable **at such time as the court may require**, to show cause why judgment final should not be rendered against the garnishee." *See also* Tenn. Code Ann. § 26-2-203(a) (stating that when a summons to a garnishee is issued the time to respond is ten days, unless the summons is issued from a court, in which case the court "shall set the time when such garnishee shall appear"). Finally, this Court has previously held that a garnishee's response, although technically untimely, should be considered by the trial court where it is filed prior to the entry of a finalized judgment. *See id.* at *11 ("It is clear to us that, while [the judgment debtor] did not file a timely response to the garnishment, it did file its response at a time when it could still be considered by the trial court."). As such, "a garnishee's response, even if untimely, is sufficient to constitute an answer and rebut the [section] 29-7-114 presumption that the garnishee is obligated for the entire amount of the judgment debtor's obligation." *Id.* at *11. Because GCA responded to the conditional judgment in the time permitted by the trial court prior to finalization, Ms.

Smith's argument that the conditional judgment should have been finalized under Rule 69.05(3) for the full debt is unpersuasive. *Cf. Boyd*, 2005 WL 1493157, at *11 (holding that once a response if made by the garnishee, the conditional judgment remedy provided in section 26-2-209 "is no longer 'in play[]'"); ***Smith v. Smith***, 165 S.W.3d 285, 296 (Tenn. Ct. App. 2004) (holding that once a judgment debtor answers a garnishment showing the true indebtedness, the garnishment statutes do not allow the entry of a judgment for the full amount of the debt). The trial court therefore did not err in refusing to finalize the conditional judgment in this case.[6]

Ms. Smith next argues that the trial court erred in refusing to take evidence on the issue of the garnishment and in ruling that GCA properly showed cause to vacate the conditional judgment. Here, there is no dispute that although the trial court did not allow the presentation of evidence by GCA, the trial court did not consider statements by GCA's counsel concerning the reason they did not garnish Mr. Smith's wages at the statutory rate. This court has previously held that

> Upon proper response to the scire facias with full disclosure of the indebtedness of the garnishee to the judgment debtor, the garnishee has "shown cause" why the conditional judgment for the entire judgment debt should not be made final. Such showing having been made, it is the duty of the court to set aside the conditional judgment or to modify it to conform to the facts as disclosed by the answer of the garnishee and any other evidence presented; that is, the court should render final judgment only for the amount admitted by the garnishee to be due the debtor, or the amount shown by other evidence to be due.

***Meadows v. Meadows***, No. 88-135-II, 1988 WL 116382, at *4 (Tenn. Ct. App. Nov. 2, 1988). GCA's March 16, 2016 filing, whether properly considered an answer to a request for a conditional judgment or not, together with GCA's appearance at the June 3 hearing effectively constitutes an admission that GCA owes some indebtedness to Ms. Smith. This Court in ***Meadows*** clearly contemplated that in this situation a final judgment should be entered "only for the amount admitted by the garnishee to be due the debtor" unless another amount is shown by the evidence. ***Id.***; *see also **Emrick v. Moseley***, No. M2013-01829-COA-R3-CV, 2014 WL 3778567, at *8 (Tenn. Ct. App. July 30, 2014) ("It is undisputed that Garnishees properly answered and informed the court regarding their indebtedness to Mr. Moseley prior to entry of the Final Judgment. As such, the trial court

---

[6] GCA states in its brief that the conditional judgment arguably should not have been entered due to its faxed response filed prior to the entry of the conditional judgment order. *Cf. **Smith v. Smith***, 165 S.W.3d 285, 295 (Tenn. Ct. App. 2004) ("If the garnishee files an answer before the conditional judgment is imposed, this obviates the need for such a 'wake-up call.'"). GCA notes, however, that any purported error is harmless where the trial court ultimately vacated the conditional judgment. Because of our resolution of this issue, we need not consider this argument. Likewise, Ms. Smith's argument that the purported answer should have been stricken is pretermitted by our determination that GCA's appearance at the June 3, 2016 hearing was sufficient to defend against the entry of a conditional judgment.

- 11 -

erred in awarding a judgment for the entire amount of the debt. Once an answer was filed by Garnishees, 'the relief described in [section] 26-2-209, being premised on a 'fail[ure] to appear or answer,' is not available.'" (quoting **Boyd**, 2005 WL 1493157 at \*11)).

Ms. Smith argues, however, that the trial court refused to take evidence prior to setting aside the conditional judgment. Generally, the admission or exclusion of evidence is reviewed for an abuse of discretion. **Commercial Bank & Tr. Co. v. Children's Anesthesiologists, P.C.**, 545 S.W.3d 470, 474 (Tenn. Ct. App. 2017), *perm. app. denied* (Tenn. Feb. 14, 2018). In deciding this issue, however, we must always be cognizant of Rule 36(b) of the Tennessee Rules of Appellate Procedure, which states that "[a] final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Errors regarding the exclusion of evidence are therefore subject to a harmless error analysis. *See generally* **State v. Rodriguez**, 254 S.W.3d 361, 371 (Tenn. 2008) (discussing the different types of errors that may occur in trial). In other words, the exclusion of evidence will only result in reversal "when considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." **White v. Beeks**, 469 S.W.3d 517, 529 (Tenn. 2015), as *revised on denial of reh'g* (Aug. 26, 2015) (citations omitted).

At oral argument in this appeal, Ms. Smith conceded that GCA has now paid all required sums to her under the trial court's finalized order. With regard to the wage garnishment, then, it appears that no prejudice resulted to Ms. Smith from the trial court's decision to accept GCA's admission of indebtedness in lieu of other evidence. Ms. Smith contends, however, that by filing her motion for punitive damages, and raising the issue at the hearing, she had also raised a question of whether GCA acted in bad faith. As such, she contends that the trial court erred in preventing her from submitting any testimony on the issue of bad faith. We agree.

Here, the trial court made a specific finding in its June 6, 2016 order that GCA had not acted in bad faith because it relied on the advice of an unnamed county clerk. Whether an individual or entity acted in bad faith is a question of fact. *See* **Johnson v. Tennessee Farmers Mut. Ins. Co.**, 205 S.W.3d 365, 371 (Tenn. 2006). This finding was made, however, in spite of the fact that the trial court specifically ruled that evidence would not be presented at that hearing. Thus, only arguments were presented at this hearing. "[S]tatements and arguments of counsel are neither evidence nor a substitute for testimony." **Elliott v. Cobb**, 320 S.W.3d 246, 250 (Tenn. 2010) (citing **Metropolitan Gov't of Nashville and Davidson County v. Shacklett**, 554 S.W.2d 601, 605 (Tenn. 1977)). Consequently, it appears that the trial court erred in deciding that GCA did not act in bad faith by accepting only the statements from counsel and preventing Ms. Smith from presenting countervailing evidence.

GCA argues, however, that the trial court did not err in refusing to hear evidence on this issue, as it was not properly brought as part of the garnishment proceedings, but rather should have been brought as a separate action. In support, GCA cites a single case, ***Third Nat'l Bank v. Bradley***, No. 85-312-II, 1986 WL 5548, at \*2 (Tenn. Ct. App. May 14, 1986). In ***Bradley***, the judgment creditor, a bank, obtained a judgment against a defendant, and then filed a garnishment against a corporation seeking to garnish the defendant's property and wages held by the corporation. In addition to seeking a garnishment of wages, the notice of garnishment asked specific questions concerning whether the corporation had possession of any property or debts belonging to the defendant. The garnishee corporation returned the garnishment form, but answered only the questions concerning wages, withholding only $358.37 from wages. The truth, however, was that the defendant was also entitled to a share of the profits from the corporation, which amount was not garnished. After learning this fact, the creditor bank filed a separate action against the corporation, alleging that it had been damaged by the corporation's failure to answer the garnishment truthfully.

This Court first acknowledged that the corporation had a duty to respond to the garnishment "truthfully and completely." ***Id.*** at \*2 (citing ***Wyler, Ackerland & Co. v. Blevins***, 113 Tenn. 528, 82 S.W. 829 (Tenn. 1904)). When the garnishee completely fails to answer, however, the court noted that the judgment creditor may seek a conditional judgment. When the garnishee answers falsely, however, the court ruled that the judgment creditor could file a separate action sounding in tort. ***Id.*** Ultimately, however, we ruled that the judgment creditor failed to meet its burden to show a breach of duty by the garnishee corporation. ***Id.*** at \*3.

GCA argues that ***Bradley*** stands for the proposition that any claim of bad faith against a garnishee, whether couched as involving contempt, punitive damages, or conversion must be filed as a separate action. We generally agree that an action seeking to hold a garnishee liable for its own torts, including colluding with the debtor to defraud the judgment creditor, must be filed as a separate action. *See **In re Rice's Appeal***, 188 Tenn. 284, 292–93, 219 S.W.2d 177, 181 (Tenn. 1949) ("[W]here a judgment creditor seeks to impound property in the hands of a third party, by attachment or otherwise, as belonging to the judgment debtor, and alleges as grounds for attachment by garnishment that such party is in possession by fraud and collusion with said judgment debtor, the action is not proper in a garnishment proceedings but must be brought directly by bill in equity. It is analogous to and rests upon the same basis as any other suit in equity to set aside conveyances and other transactions in fraud of creditors."). That appears to have been the situation at issue in ***Bradley***, where the judgment creditor alleged that the garnishee failed to truthfully answer the garnishment, apparently in an alleged effort to protect the judgment debtor. *See **Bradley***, 1986 WL 5548, at \*2–\*3.

Caselaw, however, indicates that bad faith in answering a properly filed wage garnishment may be a proper consideration within a garnishment action. As an initial matter, this Court has previously recognized that the conditional judgment procedure is

generally non-punitive, but placed an important caveat on that limitation: "except in those extreme cases where the garnishee's avoidance was intentional or fraudulent." ***Ball Bros. Furniture Co. v. Ferren***, No. C.A. 166, 1987 WL 12388, at *2 (Tenn. Ct. App. June 18, 1987) (citing ***Young v. Young***, 547 F.Supp. 1, 4–5 (W.D. Tenn. 1980) (holding that the judgment for the whole debt was inappropriate where the garnishee engaged only in negligence)). Likewise in ***Smith v. Smith***, 165 S.W.3d 285 (Tenn. Ct. App. 2004), we recognized that the trial court had expressly found the garnishee to have acted in bad faith. ***Id.*** at 296. Because of the narrow scope of the appeal, however, we stated that "[w]e do not address what remedies, penalties or sanctions, if any, may be available to [the judgment creditor] for [the garnishee's] misconduct." ***Id.***

Finally, in ***Dexter Ridge Shopping Ctr., LLC v. Little***, 358 S.W.3d 597 (Tenn. Ct. App. 2010), we addressed the judgment creditor's argument that the garnishee should be liable for its intentional conduct and/or gross negligence. This claim was filed in the underlying action, just as in this case. ***Id.*** at 610. Although the argument was ultimately not successful due to issues of service and agency, the decision contained no holding or ruling that such a claim should have been filed in a separate action. ***Id.*** at 610–11. Thus, it appears that allegations of bad faith are proper in a garnishment action.

In addition to the foregoing authority, it is important to note that courts have statutory power to enforce their orders, and thereby protect against bad faith generally, through the contempt power. Specifically, pursuant to Tennessee Code Annotated section 29-9-102, courts are empowered to "inflict punishments for contempts of court" involving "[t]he willful disobedience or resistance of any officer of the such courts, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts[.]" Tenn. Code Ann. § 29-9-102(3). As we have previously explained:

> Civil contempt . . . occurs when a person refuses or fails to comply with a court order and a contempt action is brought to enforce private rights. ***Black*** [***v. Blount***], 938 S.W.2d [394,] 398 [(Tenn. 1996)] (citing ***Robinson v. Air Draulics Engineering Co.***, 214 Tenn. 30, 377 S.W.2d 908, 911 (1964)). Civil contempt sanctions are remedial and coercive in character, designed to compel a party to comply with the court's order. [***State ex rel. Anderson v.***] Daugherty***, 191 S.W. [974,] 974 [(Tenn. 1917)]; *see also* ***State v. Turner***, 914 S.W.2d 951, 955 (Tenn. Crim. App. 1995). Unlike criminal contempt, the contemnor can purge the contempt by complying with the court's order. ***Ahern*** [***v. Ahern***], 15 S.W.3d [73,] 79 [(Tenn. 2000)]; *see also* ***Doe v. Board of Prof'l Responsibility***, 104 S.W.3d 465, 473 (Tenn. 2003) (holding civil contempt, unlike criminal contempt, is designed to coerce an individual to comply with a court's order).

***State ex rel. Flowers v. Tennessee Trucking Ass'n Self Ins. Grp. Tr.***, 209 S.W.3d 602, 613 (Tenn. Ct. App. 2006) (footnote omitted). Pursuant to Tennessee Code Annotated section 29-9-104, where the contemptuous action involves "an omission to perform an act

which it is yet in the power of the person to perform[,] the person or corporation alleged to have committed the contempt "can be separately fined, as authorized by law, for each day it is in contempt until it performs the act or pays the damages ordered by the court." Tenn. Code Ann. § 29-9-104(b); *see also* **Boren v. Hill Boren, P.C.**, No. W2017-02383-COA-R3-CV, 2018 WL 5044669, at *8 (Tenn. Ct. App. Oct. 17, 2018) (holding that a 2011 amendment to section 29-9-104(b) to add the words "or pays the damages ordered by the court" abrogated prior caselaw disallowing damages as a remedy for an omission to perform an act under section 29-9-104).

During the course of the garnishment proceedings, Ms. Smith specifically alleged that GCA acted in bad faith in its response to the garnishment, and later filed a civil contempt petition against GCA on the basis that GCA did not comply with the trial court's finalized garnishment order. Thus, Ms. Smith's bad faith arguments were raised on multiple occasions in the trial court.[7] The law makes clear that the trial court has power to enforce its orders against both parties and "any other person" at issue. Tenn. Code Ann. § 29-9-102(3). Nothing in the garnishment statutes or otherwise cited by GCA appears to limit the trial court's authority in this regard when dealing with a garnishment matter. Indeed, at least one Tennessee treatise has stated that contempt is an available remedy against a garnishee:

> As soon as the garnishee receives the summons, the garnishee is bound to hold for the judgment creditor's benefit whatever property or funds of the judgment debtor the garnishee has in hand, on pain of contempt proceedings or of a personal judgment against the garnishee for the amount subject to garnishment.

16 Tenn. Prac., *Debtor-Creditor Law and Practice* § 18:5 (3d ed.); *see also* 38 C.J.S. Garnishment § 340 ("If the garnishee fails to comply with a proper court order to make payments, the court may proceed against the garnishee in contempt.") (footnote omitted). As such, the trial court's denial of Ms. Smith's bad faith allegations in the absence of proof and its ruling that Ms. Smith's contempt allegations were outside the scope of its authority appear to be in error.

Finally, this Court has previously held that where a party seeks to hold a participant in an underlying case in civil contempt, "the respondent need only be notified of the allegations against him and be given an opportunity to respond to those

---

[7] Because of the unusual procedure in this case, the contempt petition was filed following the trial court's ruling setting aside the conditional judgment and finding that GCA had not acted in bad faith. Although this order would have become final as it resolved all of the issues between the parties, Ms. Smith filed a timely motion to alter or amend that kept the case from becoming final. Moreover, contempt proceedings are generally "sui generis and are incidental to the case out of which they arise." **Baker v. State**, 417 S.W.3d 428, 435 (Tenn. 2013) (citing **Doe**, 104 S.W.3d at 474).

allegations." ***Newman v. Newman***, No. W2004-01192-COA-R3-CV, 2005 WL 1618746, at *3 (Tenn. Ct. App. July 11, 2005). As such, where the parties were already engaged in litigation over an issue, the petitioner was not required to issue a summons to the alleged contemnor, but rather service of the petition on the alleged contemnor's attorney of record was sufficient. ***Id.*** at *3–*4; *see also* ***In re Ethan R.***, No. W2016-00201-COA-R3-CV, 2017 WL 3396544, at *7 (Tenn. Ct. App. Aug. 8, 2017) ("A petition for contempt which seeks to enforce an existing court order is not a new action, but is a pleading filed in the course of an existing action, service of which is governed by Rule 5."). Here, there is no dispute that Ms. Smith and GCA were engaged in litigation concerning the garnishment when Ms. Smith's contempt petition was served on GCA's counsel. As such, it appears that the trial court erred in dismissing Ms. Smith's contempt petition on the basis that a separate action was required. Given that both Ms. Smith's bad faith allegations and contempt petition were proper, the trial court's refusal to hear evidence of GCA's bad faith was not harmless.

We agree with the trial court, however, that Ms. Smith's claim for conversion should not have been brought in this action. Like in ***Bradley***, Mr. Smith's conversion claim involves an allegation that GCA committed a tort. *See* ***PNC Multifamily Capital Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.***, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012) ("Conversion is an intentional tort[.]"). GCA's involvement in this case is limited to the garnishment. While a contempt petition is proper vehicle to ensure enforcement of the trial court's garnishment orders, a tort claim involving conversion is not. As such, this claim should have been brought as a separate action, rather than ancillary to this case. Because Ms. Smith undisputedly failed to file a separate action, as well as issue and serve a proper summons on GCA with regard to this claim, the trial court did not err in dismissing it.

We note that Ms. Smith argues on appeal that GCA waived this argument by participating in this action.[8] The affirmative defense of lack of service of process may indeed be waived by participation in the litigation. *See* ***Barker v. Heekin Can Co.***, 804 S.W.2d 442, 444 (Tenn. 1991) (holding that where a defendant participated in the litigation for two years before raising "an avoidance" defense, the defense was waived); *see also* ***Woodruff v. Anastasia Int'l, Inc.***, No. E2007-00874-COA-R3-CV, 2007 WL 4439677, at *3 (Tenn. Ct. App. Dec.19, 2007) *perm. app. withdrawn* (Tenn. Apr. 7, 2008) (quoting ***Brokerwood Prods. Int'l, Inc. v. Cuisine Crotone, Inc.,*** 104 Fed. App'x 376, 379–80 (5th Cir. 2004) (holding that lack of personal jurisdiction may be waived "by failing to pursue the defense")). We disagree that waiver occurred in this case. Here, Ms. Smith filed her petition for conversion on June 24, 2016. On September 29, 2016, GCA filed its first response to this petition, raising the defense of lack of service of process. *See generally* ***Landers v. Jones***, 872 S.W.2d 674, 677 (Tenn. 1994) ("[C]ourts

---

[8] On appeal, GCA contends that this argument is waived where it was not raised in the trial court, but then states that Ms. Smith indeed raised the issue of waiver in the trial court. This issue is without merit.

should only find a general appearance that waives a defendant's right to contest personal jurisdiction when the defendant has recognized the proper pendency of the cause by making a motion that goes to the merits or by filing an answer, without challenging personal jurisdiction."). In the approximately three months in between these filings, GCA participated in the case by responding in opposition to Ms. Smith's motion to strike its response in the garnishment action, seeking to withdraw, responding to Ms. Smith's request for admissions, and seeking to quash certain discovery related to the garnishment. None of these filings recognizes the proper pendency of Ms. Smith's conversion claim. After thoroughly reviewing the record, we cannot conclude that GCA's participation in this case in the three months between the filing of the petition and the answer constitutes waiver. *See also* **Doyle v. Town of Oakland**, No. W2013-02078-COA-R3CV, 2014 WL 3734971, at *5 (Tenn. Ct. App. July 28, 2014) ("Once the defense of insufficiency of service of process has been fairly raised, 'any other participation in the lawsuit by the defendant does not constitute a waiver.'" (quoting **State ex rel. Barger v. City of Huntsville**, 63 S.W.3d 397, 399 (Tenn. Ct. App. 2001)).

Having determined that the trial court erred in dismissing Ms. Smith's contempt petition, we also vacate the trial court's decision to decline to award Ms. Smith's sanctions, for discovery violations or otherwise. In its February 9, 2017 order, the trial court specifically found that "there have been multiple issues in this case caused by the garnishee ignoring the garnishment, not paying the appropriate amount on the garnishment and not answering discovery. The withdrawal of the motion without giving Ms. Smith notice so her attendance at the hearing would not be needed was not appropriate." The trial court, however, declined to award sanctions, in part, on the reasoning that Ms. Smith's claims were "outside the scope of [the trial court's] authority."[9] Because we have reversed the trial court's decision that the civil contempt allegations were outside its authority, we must vacate the trial court's decision to deny sanctions and remand for reconsideration in light of this Court's decision.

We must also address the discovery issues raised by Ms. Smith in this appeal. Here, Ms. Smith filed a multitude of discovery requests related both to the garnishment and to GCA's conduct in responding to the garnishment. In its February 9, 2017 order, the trial court dismissed all pending requests for discovery that did not relate to the garnishment, having dismissed Ms. Smith's contempt, conversion, and punitive damages claims. Because we have reversed the dismissal of Ms. Smith's contempt petition, the trial court's dismissal of all pending discovery requests beyond that related to the garnishment is vacated. On remand the trial court should reconsider the discovery issues in light of this Court's decision to allow the contempt allegations to proceed.

---

[9] Although the trial court asked the parties to brief whether GCA was subject to discovery sanctions as a garnishee, the trial court did not rely on this argument in declining to award sanctions. As such, we likewise will not address it.

Finally, Ms. Smith argues that the trial court erred in its treatment of her Requests for Admissions. Here, Ms. Smith served GCA with several discovery requests, including a request for admissions, on April 26, 2016. On May 26, 2016, GCA filed a motion for additional time to respond to "interrogatories and document requests." On June 6, 2016, the trial court ruled that the request for more time was moot "because there is no longer a genuine dispute requiring discovery." Shortly thereafter, Ms. Smith filed her motion to alter or amend the trial court's judgment setting aside the conditional judgment, as well as a petition for civil contempt, conversion, and punitive damages. On July 25, 2016, Ms. Smith filed a motion to compel concerning her previously filed discovery. Therein, Ms. Smith alleged that GCA had not properly complied with the wage garnishment ordered by the trial court, that the discovery was therefore re-served on June 24, 2016, and that discovery concerning GCA's contemptuous behavior was necessary. In response, GCA filed a motion to strike the interrogatories and requests for production as irrelevant, premature, and overly burdensome. This motion, however, did not mention the request for admissions. Thereafter, on September 15, 2016, Ms. Smith filed a motion to deem her request for admissions admitted pursuant to Rule 36.01 of the Tennessee Rules of Civil Procedure. A few days later, on September 23, 2016, GCA finally responded to the requests.

In its February 9, 2017 order, the trial court ruled in a rather inconsistent manner regarding Ms. Smith's request for admissions:

> It is ORDERED that the Motion to Deem Admitted the Requests for Admission to the extent they go to a new cause of action against GCA Education Services, must likewise be denied. However to the extent they touch on the present issues they are deemed admitted. The request to admit was filed at the same time as the interrogatories and request to produce. Garnishee was served with a motion to compel on July 25, 2016. Answers were not forthcoming until September 23, 2016. There has been a slight showing of excusable neglect and has been no showing of prejudice other than incurring the cost of attending the hearing to oppose a motion to withdraw which the attorney for the garnishee withdrew the date of the hearing. The Court finds the merits of the case will not be subserved if the Admissions are allowed to be withdrawn.
>
> *  *  *
>
> The Court further finds that because of the confusing posture of the case and the hearing that was held on June 3, 2016 and whether there was any more discovery outstanding, after GCA was ordered to comply with the 65% withholding, this Court finds GCA was excused from its delay in answering the requests to admit.

The trial court went on to allow Ms. Smith to serve additional requests pertaining only to the garnishment.

Under Rule 36.01, when a request for admissions is properly filed, "[t]he matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney[.]" Tenn. R. Civ. P. 36.01 (noting some exceptions not present in this case). Rule 36.02 provides, however, that "[a]ny matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." As such, this Court has previously held that "the clear language of [Rule] 36 provides the trial court discretion to allow withdrawal or amendment of matters deemed admitted because of a party's failure to timely provide answers to a request for admission, including when no response has been provided by a party[.]" *Meyer Laminates (SE), Inc. v. Primavera Distrib., Inc.*, 293 S.W.3d 162, 166 (Tenn. Ct. App. 2008). Here, the trial court exercised its discretion to withdraw any admission upon a finding that there was confusion concerning discovery. We discern no abuse of discretion in the trial court's ruling.

Here, after Ms. Smith filed her initial requests for discovery, the trial court entered an order ruling that the discovery requests were moot. Although Ms. Smith later re-filed her discovery, the trial court did not again enter an order requiring GCA to respond to discovery until September 26, 2016. As such, there was indeed confusion concerning whether discovery in this case was appropriate. As we have now reversed the trial court's decision to dismiss Ms. Smith's contempt petition, we conclude that the best practice is to allow Ms. Smith to file additional discovery requests, including requests for admission, relevant to her allegations of bad faith and contumacious conduct by GCA. Such requests, if filed, should be answered in the time allowed by the Tennessee Rules of Civil Procedure or upon the trial court's order upon remand.

In sum, we find no reversible error in the trial court's decision to preside over this case or in the trial court's refusal to accept Ms. Smith's proffered statement of the evidence. The trial court's decision to set aside conditional judgment against GCA is likewise affirmed, as is the trial court's decision to dismiss Ms. Smith's claim for conversion.[10] We reverse the trial court's decision to dismiss Ms. Smith's claims of bad faith and civil contempt against GCA. Additionally, we vacate the trial court's decisions regarding Ms. Smith's discovery requests and requests for sanctions. Finally, we affirm the trial court's decision to allow withdrawal of Ms. Smith's request for admissions.

---

[10] We note that although Ms. Smith has raised a "claim" for punitive damages on multiple occasions, "[p]unitive damages [are] a remedy, not a cause of action." 22 Tenn. Prac. *Contract Law and Practice* § 12:30 (citing *Jimenez v. Vanderbilt Landscaping, LLC*, No. 3-11-0276, 2011 WL 3027190, at *1 (M.D. Tenn. July 25, 2011) ("Punitive damages is not a cause of action. It is a remedy.")); *see also Overnite Transp. Co. v. Teamsters Local Union No. 480*, 172 S.W.3d 507, 511 (Tenn. 2005) ("The measure of damages [in a contempt action] is the actual injury sustained as a result of the contempt.").

Because of the resolution of this appeal, GCA's request for damages for defending against a frivolous appeal is respectfully denied. *See **Indus. Dev. Bd. of City of Tullahoma v. Hancock***, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995) ("A frivolous appeal is one that is devoid of merit, or one in which there is little prospect that it can ever succeed.") (citations omitted). All other issues not specifically addressed in this Opinion are pretermitted.

## Conclusion

The judgment of the Circuit Court of Bradley County is affirmed in part, reversed in part, and vacated in part. This cause is remanded for further proceedings consistent with this Opinion. Costs of this appeal are taxed one-half to Appellant, Kimberly J. Smith, and one-half to Appellee, GCA Services Group, Inc., for all of which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE